James Leonard CAUGHORN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 54068, 54069.

Court of Criminal Appeals of Texas.

April 13, 1977.

Kenneth L. Sanders, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and H. E. Bert Graham, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

BROWN, Commissioner.

These are appeals from the revocation of probation in two cases of burglary of a habitation wherein the trial court imposed cumulative sentences.

Appellant's sole contention is that the court erred in cumulating the sentences in these causes.

On December 16, 1974 an indictment was returned charging appellant with burglary of the habitation of Claude Naegeli on October 28, 1974. This was assigned cause No. 221,781 by the 179th District Court of Harris County (Our cause No. 54,068). Thereafter, on January 8, 1975 an indictment was returned into the 183rd District Court of Harris County charging appellant with burglary of the habitation of Harry Charles Calvin on October 29, 1974. This was assigned cause No. 222,412 (Our cause No. 54,069).

On August 18, 1975, appellant entered pleas of guilty to both causes in the 177th District Court of Harris County. Appellant received punishment of ten years in each case and was granted probation in each cause. On February 20, 1976 the State filed an amended motion to revoke probation in these two causes alleging as violations burglary of a habitation by appellant on December 15, 1975 and burglary of a habita-

tion by appellant on December 17, 1975. These motions to revoke were heard on March 8, 1976 and the court revoked probation in each case. The court then sentenced appellant to not less than five years nor more than ten years in cause No. 221,781. He then sentenced appellant to not less than five years nor more than ten years in cause No. 222,412, said sentence to begin after the sentence in No. 221,781 shall have ceased to operate. Through obvious clerical error, the sentence filed in No. 222,412 failed to contain the cumulation as pronounced by the court when the sentence was imposed. Thereafter, on September 3, 1976 a sentence nunc pro tunc was entered reciting that through error the cumulation was omitted and providing that the sentence in said cause shall begin when the sentence in No. 221,781 shall have ceased to operate.

It is appellant's position that V.T.C.A. Penal Code, Sec. 3.03, prohibits the cumulation of his sentences. This section is as follows:

> "When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single action, sentence for each offense for which he has been found guilty shall be pronounced. Such sentences shall run concurrently."

V.T.C.A. Penal Code defines "criminal episode" as follows:

> "In this chapter, 'criminal episode' means the repeated commission of any one offense defined in title 7 of this code (Offenses Against Property)."

Appellant contends that since he was indicted in two cases involving offenses against property (burglary of a habitation) which were committed on successive days, such offenses constitute one criminal episode and that, therefore, the cumulation of his sentences is prohibited.

However, appellant by relying on V.T.C.A. Penal Code, Secs. 3.01 and 3.03, completely ignores the limitations contained within V.T.C.A. Penal Code, Sec. 3.02.[1]

Chapter 3 of the Penal Code is entitled "Multiple Prosecutions." This chapter for the first time in the history of Texas Criminal Jurisprudence permits more than one offense to be pleaded in the same charging instrument provided they arise out of the same criminal episode as defined above. Thus, several offenses may be consolidated in one indictment or information. Also, an innovation under the new Penal Code is the right of the State to join several charging instruments into a single criminal action if they arise out of the same criminal episode. However, in order to accomplish this, the State must file written notice of this action not less than 30 days prior to trial. No such notice was filed in these causes. Accordingly, even though appellant pleaded guilty to two indictments charging similar offenses, this did not constitute a single criminal action because the State had not filed the written notice necessary to achieve such results. Since these causes did not constitute one criminal action under Sec. 3.02, supra, the prohibition against the cumulation of sentences provided in Sec. 3.03, supra, does not apply.

The judgments are affirmed.

Opinion approved by the Court.

---

1. V.T.C.A. Penal Code, Sec. 3.02. *Consolidation and Joinder of Prosecutions*

"(a) A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode.

"(b) When a single criminal action is based on more than one charging instrument within the jurisdiction of the trial court, the state shall file written notice of the action not less than 30 days prior to the trial.

"(c) If a judgment of guilt is reversed, set aside, or vacated, and a new trial ordered, the state may not prosecute in a single criminal action in the new trial any offense not joined in the former prosecution unless evidence to establish probable guilt for that offense was not known to the appropriate prosecuting official at the time the first prosecution commenced."