**Larry Donn SYLVESTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–85–0429–CR, 01–85–0430–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 1, 1986.

Douglas O'Brien, Houston, for appellant.

John Holmes, Dist. Atty., and James C. Brough, Asst. Dist. Atty., for appellee.

Before SAM BASS, COHEN and HOYT, JJ.

## OPINION

HOYT, Justice.

A jury found appellant guilty of aggravated sexual assault and assessed his punishment at 18 years confinement. After sentencing on this offense, the court revoked the probation that appellant was serving on a prior forgery conviction, sentenced him to serve five years confinement for the forgery, and ordered that the sentences be cumulated. Appellant contends that, because the sentences arose out of a single trial, the trial court abused its discretion in cumulating the sentences. We affirm.

■ That actions against an accused are tried together does not prohibit the imposition of cumulative sentences for multiple probation revocations, *McCullar v. State*, 676 S.W.2d 587, 588 (Tex.Crim.App.1984), or cumulative sentences for a probation revocation and the new offense that is used as a basis for revocation. *McCullar v. State*, 660 S.W.2d 602, 603 (Tex.App.—Fort Worth 1983), *rev'd in part on other grounds*, 676 S.W.2d 587.

■ Persons convicted of more than one crime generally have no right to concurrent sentencing. *Carney v. State*, 573 S.W.2d 24, 27 (Tex.Crim.App.1978) (en banc); Tex.Code Crim.P.Ann. art. 42.08 (Vernon Supp.1986). Trial on more than one action in the same proceeding becomes relevant on the imposition of cumulative sentences only when Tex.Penal Code Ann. sec. 3.03 (Vernon 1974) is applicable. *Lumpkin v. State*, 681 S.W.2d 885, 889 (Tex.App.—Fort Worth 1984, no pet.). Section 3.03,[1] combined with the definition of "criminal episode" in Tex.Penal Code Ann. sec. 3.01[2] (Vernon 1974), requires concurrent sentences when an accused is prosecuted in a single trial for the repeated commission of any one offense under Title 7 of the Penal Code. Even this prohibition does not prevent cumulation of sentences when the cases are tried together at the request of a defendant, and the State files no motion for joinder under Tex.Penal Code Ann. sec. 3.02[3] (Vernon 1974). *Smith v. State*, 575 S.W.2d 41, 42 (Tex.Crim.App. 1979).

■ Appellant has apparently misconstrued language in *Ex parte Hatfield*, 156 Tex.Crim. 92, 238 S.W.2d 788 (1951). *Hatfield* says:

The five cases against relator were tried and disposed of on the same day in the same court and before the same judge, and upon a written waiver of the right of a trial by jury applicable to all the cases. Under such facts, the rule regarding cumulation of punishment with previous convictions in other courts does not apply.

*Id.* at 791. The court was here speaking about the rule requiring a cumulation order to be sufficiently specific to identify exactly the previous sentence with which the new sentence is to be cumulated. Less specificity is required when all the sentences arise from cases on the same day before the same judge. *See Ex parte Johnson*, 153 Tex.Crim. 114, 218 S.W.2d 200 (1949); *Ex parte Snow*, 151 Tex.Crim. 640, 209 S.W.2d 931 (1948).

Appellant's ground of error is overruled. The judgments are affirmed.

---

1. Tex.Penal Code Ann. art. 3.03 (Vernon 1974):
   "When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which he has been found guilty shall be pronounced. Such sentences shall run concurrently."

2. Tex.Penal Code Ann. art. 3.01 (Vernon 1974):
   "In this chapter, 'criminal episode' means the repeated commission of any one offense defined in Title 7 of this code (Offenses Against Property)."

3. Tex.Penal Code Ann. art. 3.02(a)–(b) (Vernon 1974):
   "(a) A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode.
   (b) When a single criminal action is based on more than one charging instrument within the jurisdiction of the trial court, the state shall file written notice of the action not less than 30 days prior to the trial."