**Marsa HALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 01–90–00531–CR, 01–90–00532–CR and 01–90–00533–CR.

Court of Appeals of Texas, Houston (1st Dist.).

April 25, 1991.

Paul R. Stansell, Galveston, for appellant.

Michael J. Guarino, Crim. Dist. Atty., for appellee.

Before MIRABAL, HUGHES and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

We face two issues here: (1) Should the trial court have appointed a psychiatrist to examine appellant, an indigent, to determine if he was competent to stand trial? (2) Should the trial court have imposed concurrent, rather than consecutive, sentences? We answer both in the negative and affirm.

Marsa Hall, appellant, pled guilty, without a plea bargain agreement, to two counts of burglary of a habitation and one count of aggravated sexual assault. The trial court accepted the guilty pleas, and at a later hearing, found appellant guilty of all three crimes.

### 1. Competence to plead guilty

In his first point of error, appellant complains that the trial court erred in denying his motion for a psychiatric examination. Appellant, an indigent, filed a timely motion to appoint a mental health expert to conduct a psychiatric examination, and set the motion for a hearing well in advance of the trial date.

Testimony that relates to appellant's competence was received on three separate dates. At the hearing on the motion for a psychiatric examination, the defense counsel testified under oath:

I am the court-appointed counsel for Marsa Hall. I have consulted with him in connection with the charges pending against him. He is not interested in attempting to cooperate with me concerning his defense of this matter. He indicates to me that he is unable to control his conduct. He has obvious wishes to be caught and to be punished in these matters.

He states to me that he has attempted to obtain help and that he has not been able to obtain help in these matters. That is part of the reason that he has been involved in these criminal activities is in an effort to obtain help. He appears to me

to be someone who is in need of psychiatric help and I will therefore, respectfully request the Court to appoint him a psychiatrist to give a psychiatric examination in order to determine whether or not he is competent to stand trial.

During cross-examination by the State, defense counsel stated he was able to consult with appellant, and appellant appeared to understand, in a "very general" sense, the nature of the proceedings and the charges against him. Before the court ruled, defense counsel argued:

I am obviously not qualified to say whether or not this man is able to stand trial, but I have testified that he is not cooperating in his defense and that appears to me to be a mental defect. . . . We would like to have him evaluated by somebody that is in a position and is qualified to judge that under the rules.

The court overruled the motion for psychiatric examination. Before making the ruling, the court explained:

Ordinarily I would say that if there is really any doubt that we ought to go ahead and have him examined. But the ·fact that you say he can talk to you about the case, and he does seem to understand what he is doing and he understands what he is charged with, but he just can't keep from doing something wrong, and that is basically what you testified to, I think.

At the hearing on the guilty pleas, the court questioned appellant on matters related to his competence. Appellant, in response, said he understood the charges in the indictments, the range of punishment, that he was entitled to a jury trial and to call witnesses, that there was no plea bargain agreement, that he waived his right to trial, and that he plead guilty to the charges and "true" to the enhancement counts. When the trial court asked if he had talked with defense counsel, he said he had, and the court then asked defense counsel:

Does it appear that [appellant] understands the nature of the charges against him and is he able to cooperate with you about his own defense?

Defense counsel: I believe that he does understand the nature of the charges against him. He has been helpful in cooperating with me about this matter, sir.

The Court: Does he appear to be mentally competent?

Defense counsel: I have reservations about that, your Honor. I have no competent admissible evidence to prove that he is mentally competent. I do personally have reservations about his competency.

The trial court then addressed questions to appellant, and in response, appellant said when he was younger, he had been under the care of a doctor for mental problems. He did not remember how many times he had been taken to see the doctor. Appellant also said he knew that the judge was the judge, that Mr. Stansell was his attorney, and that the prosecutor was the lawyer for "the opposite side." After the interrogation, the court announced:

It appears to me, Mr. Stansell, that he is capable of understanding what is going on and is competent to proceed.

The court then accepted appellant's guilty pleas.

At the hearing on punishment, appellant testified he had been under the care of a psychiatrist while in the county jail. While he was incarcerated, he was treated for "depression or something," saw a doctor a few times a month, and took medication. He testified that after he committed the sexual assault, he waited at the scene to be caught.

In our review of this point of error, we begin by acknowledging a person is not competent to stand trial if he does not have: (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against him. TEX.CODE CRIM.P.ANN. art. 46.02, § 1(a)(1) and (2) (Vernon 1979).

■ Initially, the State responds by pointing out that appellant voluntarily entered a guilty plea without a plea bargain,

and thus he waived all nonjurisdictional defects. The State overlooks the principle that, unless competent, a defendant cannot knowingly waive his right to trial and plead guilty. *Ex parte Hagans*, 558 S.W.2d 457, 462 (Tex.Crim.App.1977). It is a contradiction to argue a defendant may knowingly waive a right if he is incompetent. *Id.* Our adversary system of justice insists a defendant be competent at trial. *Drope v. Missouri*, 420 U.S. 162, 172, 95 S.Ct. 896, 904, 43 L.Ed.2d 103 (1975). To convict a defendant while he is legally incompetent, violates his rights to due process and due course of law. *Ex parte Lewis*, 587 S.W.2d 697, 700 (Tex.Crim.App. [Panel Op.] 1979).

■ To be entitled to a psychiatric examination, the defendant is not required to *prove* he is incompetent, he need merely raise an issue about competence. *See Sisco v. State*, 599 S.W.2d 607, 612 (Tex.Crim.App.1980) (regarding the right to a hearing on competence once the mental health expert makes the report). It would be another contradiction to require an incompetent defendant to prove incompetence, a matter we otherwise leave to experts. In *Sisco*, the court said, "the Legislature intended only that there be evidence sufficient to raise the issue rather than to support a final determination of incompetency." *Id.* In the decision regarding incompetence and the right to a psychiatric examination, appellant could only be asked to raise the issue, not prove the issue.

This case calls into question the standard we use to evaluate the trial court's decision on competency. The standard we are told to apply to review the trial court's decision denying a psychiatric examination is abuse of discretion. *Bowens v. State*, 507 S.W.2d 785, 789 (Tex.Crim.App.1974); *Kirby v. State*, 668 S.W.2d 448, 450 (Tex.App.—Corpus Christi 1984, no pet.).

■ In a recent case, the court of criminal appeals described abuse of discretion as a "limited right to be wrong so long as the result is not reached in an arbitrary and capricious manner." *Montgomery v. State*, No. 1090–88, (Tex.Crim.App. May 30, 1990) (*mot. for reh'g granted*) slip. op. at 11. If that is the correct definition of

abuse of discretion, the abuse of discretion standard should play no role in our review of the decision to appoint a mental health expert under § 46.02. For an appellate court to permit a trial court to be wrong about a defendant's competence, and for an appellate court to resolve doubts of competence against a defendant, contradicts the teachings of *Drope* and *Lewis*. If there is any doubt a defendant is not competent to stand trial, that doubt must be resolved before the defendant is put to trial. On appeal, no presumption in favor of the trial court's decision can satisfy the constitutional requirements that a defendant be competent at trial. We cannot use appellate standards of review to bolster a questionable resolution of a defendant's right to be tried while competent.

■ Appellant admits the cases hold that § 3(a) of article 46.02 of the Texas Code of Criminal Procedure places the decision whether to grant a psychiatric examination within the discretion of the trial court. Appellant further admits he has found no cases where the denial of a psychiatric examination was held to be an abuse of discretion. Appellant urges this Court to consider that, as an indigent, he had no means to establish his incompetence to stand trial absent an examination by a court appointed mental health expert, and that neither he, nor his friends, nor his counsel were qualified to testify to such an illness. Appellant asserts the denial of his motion for a court-appointed psychiatric examination, was, in this case, an abuse of discretion, or, in the alternative, a violation of his constitutional rights.

Article 46.02, § 3(a), outlines the procedure for appointing a mental health professional to conduct a psychiatric examination:

At any time the issue of the defendant's incompetence to stand trial is raised, the court may, on its own motion or motion of the defendant, his counsel, or the prosecuting attorney, appoint disinterested experts experienced and qualified in mental health or mental retardation to examine the defendant with regard to his competence to stand trial and to testify at any trial or hearing on this issue.

TEX.CODE CRIM.P.ANN. art. 46.02, § 3(a) (Vernon 1979).

### a. Understanding of the proceedings

Our first is inquiry is whether the appellant had a rational as well as factual understanding of the proceedings against him. As set out above, the trial court repeatedly questioned appellant about his understanding of the proceedings, and appellant affirmed that he understood all of his rights and understood the nature of the proceedings.

The State cites *Stiehl v. State*, 585 S.W.2d 716 (Tex.Crim.App.1979), and *Lang v. State*, 747 S.W.2d 428 (Tex.App.—Corpus Christi 1988, no pet.), as authority to support the trial court's order. During the pretrial hearing in *Stiehl*, both of Stiehl's lawyers said they thought Stiehl had been able to fully cooperate with them in preparation of the case for trial. *Id.* at 719. Even though Stiehl alleged in his motion for a psychiatric examination that he believed he was afflicted with a mental disorder that may have destroyed his ability to perceive the wrongfulness of his conduct, and he was unable to assist his counsel in the preparation of his defense, the court found no evidence to support the motion. The court also found Stiehl's attorneys had contradicted at least part of the motion by their statements that he was able to cooperate with them in preparing a defense. *Id.*

In *Lang*, the defense counsel testified Lang appeared to understand what was going on in the proceedings in terms of the trial, and the functions of the judge, the jury and the prosecutor, and that he was able to communicate with her. Based on the facts of the case and counsel's statements, the Corpus Christi court held the trial court did not abuse its discretion in refusing to order a psychiatric examination. *Lang*, 747 S.W.2d at 431.

Because appellant testified he knew what the proceedings were about, he knew who the judge and the district attorney were and their functions, we hold appellant had a rational and factual understanding of the proceedings. We make this finding under the abuse of discretion standard, should that standard apply, and also under the more onerous standard articulated by *Sisco*, that appellant did not raise the issue of competence. 599 S.W.2d at 612.

### b. Present ability to consult with counsel

The second inquiry is whether the appellant had sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding. Appellant's counsel raised concerns about his perception that appellant had mental problems, that he felt appellant needed psychiatric help. The most critical statement of defense counsel on the issue of appellant's competence to stand trial, was the statement that, "He is not interested in attempting to cooperate with me concerning his defense of this matter." Yet, at the hearing on punishment, the defense counsel said appellant had cooperated with him.

Appellant's testimony and that of his counsel reflect appellant was able to consult with his attorney. We hold the trial court did not err in refusing to appoint a mental health expert. Again, we make this finding under both the abuse of discretion standard and also under the more onerous standard articulated by *Sisco*, that appellant did not raise the issue of competence. 599 S.W.2d at 612. We overrule point of error number one.

### 2. Concurrent sentences

In point of error number two, appellant complains the trial court erred in imposing consecutive, rather than concurrent, sentences. Appellant was charged by three separate indictments with three crimes he committed on the evening of July 22, 1989. The trial court imposed two concurrent life sentences in causes 89CR1250 and 89CR1251 (burglary of a habitation and aggravated sexual assault), and a 50–year sentence in cause 89CR1252 (burglary of another habitation involving a different complainant), to be served after the two life sentences.

The Texas Penal Code provides that, "when an accused is found guilty of more

than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which he has been found guilty shall be pronounced. *Such sentences shall run concurrently.*" TEX. PENAL CODE ANN. § 3.03 (Vernon 1974) (emphasis added). The State responds to appellant's argument by pointing out that § 3.03 is not invoked unless the State files a notice of intent to consolidate pursuant to § 3.02. That section, entitled *Consolidation and Joinder of Prosecutions,* provides that "[w]hen a single criminal action is based on more than one charging instrument within the jurisdiction of the trial court, the state shall file written notice of the action not less than 30 days prior to the trial." TEX. PENAL CODE ANN. § 3.02(b) (Vernon 1974).

The State's position, that § 3.03 is not applicable in this case, is supported by *Caughorn v. State,* 549 S.W.2d 196 (Tex. Crim.App.1977). In that case, Caughorn pled guilty to two indictments for burglary of a habitation he committed on different dates. The court imposed a 10–year sentence in each .case, and probated both. Caughorn's probation was later revoked, and the court sentenced him in both cases to a term of not less than five or more than 10 years. The court ordered the sentence for the second offense to begin after the sentence for the first offense had ceased to operate. *Id.* at 197. Caughorn appealed, asserting the burglaries, committed on successive days, constituted one criminal episode. He complained the trial court erred in cumulating his sentence, in violation of § 3.03.

The Court of Criminal Appeals disagreed. The court held that, even though Caughorn pled guilty to two indictments charging similar offenses, because the State did not file a written notice to consolidate, the crimes did not constitute a single criminal action. *Caughorn,* 549 S.W.2d at 197. Because the causes did not constitute one criminal action under § 3.02, the prohibition against the cumulation of sentences provided in § 3.03 did not apply. *Id.*

In *Sylvester v. State,* 709 S.W.2d 48 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd), a jury found Sylvester guilty of aggravated sexual assault and assessed his punishment at 18 years confinement. After sentencing on this offense, the trial court revoked the probation Sylvester was serving on a forgery conviction, sentenced him to five years confinement for the forgery, and ordered the sentences to run consecutively. On appeal, Sylvester claimed that, because the sentences arose out of a single trial, the trial court abused its discretion in cumulating the sentences. We disagreed, affirmed, and held that section 3.03, did not prevent cumulation of sentences when the cases are tried together at the request of a defendant, and the State files no motion for joinder under § 3.02. *Sylvester,* 709 S.W.2d at 49.[1]

■ Here, the State did not file a § 3.02 notice of joinder. Following the decision of the Court of Criminal Appeals in *Caughorn* and our own holding in *Sylvester,* we conclude that, because the State did not file a § 3.02 notice of joinder, the prohibition against cumulation in § 3.03 does not apply.[2] We overrule appellant's complaint under this part of the point of error.

■ As part of his second point of error, appellant also complains the sentence imposed by the trial court is excessive. Both burglary of a habitation and aggravated sexual assault are classified as a first degree felony. TEX. PENAL CODE ANN. §§ 22.-

---

1. We are aware that the "criminal episode" discussed in *Caughorn* and *Sylvester* was limited to the repeated commission of offenses against property. Section 3.01 of the Texas Penal Code was amended in 1987 to eliminate that limitation. Act of June 14, 1973, 63rd Leg., R.S., ch. 399, § 3.01, 1973 Tex.Gen.Laws 883, 891, *amended by* Act of June 17, 1987, 70th Leg., R.S., ch. 387, § 1, 1987 Tex.Gen.Laws 1900, 1900, *now codified as* TEX. PENAL CODE ANN. § 3.01 (Vernon Supp.1991). Since 1987, the definition of "criminal episode" contained in section 3.01 includes offenses directed toward persons.

2. We note that TEX.CODE CRIM.P.ANN. art. 42.08(a) (Vernon Supp.1991) gives the trial court the discretion to cumulate sentences for separately tried convictions, without the constraint of § 3.03. Appellant did not assert error under article 42.08(a).

021(e), and 30.02(d)(1) (Vernon 1989). The range of punishment for both is confinement for life or for a term of not more than 99 years or less than five years. TEX. PENAL CODE ANN. § 12.32(a) (Vernon Supp. 1991). Because the punishment imposed by the trial court is that specifically provided for in the Penal Code, the sentence is not excessive. *Samuel v. State*, 477 S.W.2d 611, 614 (Tex.Crim.App.1972); *Combs v. State*, 652 S.W.2d 804, 806 (Tex. App.—Houston [1st Dist.] 1983, no pet.).

We overrule point of error two.

