Opinion Issued January 27, 2005  





 

In The
Court of Appeals
For The
First District of Texas
 
______________

NO. 01-99-01147-CR
______________

 
CARROLL DWAYNE YOUNG, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court 
Harris County, Texas
Trial Court Cause No. 802485 

 
OPINION ON REMAND FROM THE 
TEXAS COURT OF CRIMINAL APPEALS
          Appellant, Carroll Dwayne Young, was charged with aggravated sexual assault
of a child. Tex. Penal Code Ann. § 22.021 (Vernon 2004). A jury found appellant
guilty and assessed punishment at 75 years in prison and a $5,000 fine. This Court
sustained appellant’s fourth point of error, reversed the judgment, and remanded the
cause to the trial court. Young v. State, 73 S.W.3d 482 (Tex. App.—Houston [1st
Dist.] 2002, pet. granted). The Court of Criminal Appeals granted the State’s petition
for review and reversed this Court’s judgment, overruling appellant’s fourth point of
error.


 Young v. State, 137 S.W.3d 65, 72 (Tex. Crim. App. 2004). Pursuant to the
Court of Criminal Appeals’ order, we now address appellant’s remaining complaints:
(1) whether the trial court denied appellant due process by refusing his request for a
competency examination; (2) whether the trial court erred by refusing to impanel a
jury to determine competency; (3) whether the trial court denied appellant due process
by denying his motion to recuse; (4) whether the trial court erred by refusing to allow
appellant to present jurors as live witnesses at his motion-for-new-trial hearing; (5)
whether the trial court deprived appellant of an adequate record on appeal by refusing
to allow him to present jurors as live witnesses at the motion-for-new-trial hearing;
and (6) whether the trial court erred by denying appellant’s motion for new trial. We
affirm.
Facts 
          During 1998, appellant often visited the home of his brother and sister-in-law,
who lived with their two daughters, the six-year-old complainant and her one-year-old sister. Appellant visited on weekends and spent the night several times. 
Appellant bought the complainant toys and often asked to take her to the movies or
to eat pizza. 
          Appellant sexually assaulted the complainant on several occasions. Appellant
touched the inside of the complainant’s genitals on each of those occasions. On
November 21, 1998, the complainant and her mother visited the complainant’s
grandmother. Her grandmother asked the complainant whether appellant had ever
done anything wrong to her. The complainant said, “Yes,” turned very red, and
became embarrassed. Using a teddy bear, the complainant demonstrated to her
grandmother how she had been touched. The complainant indicated that appellant
had fondled her breasts and genitals. Later, the complainant told her grandmother
about other incidents in which appellant had touched her. After the complainant had
told her grandmother and mother what had happened, her mother reported the events
to Children’s Protective Services and took the complainant to the Children’s
Assessment Center, where she was examined and interviewed by Dr. Girardet. Dr.
Girardet’s medical finding neither proved nor disproved abuse.

Competency
          In points of error one and two, appellant contends that the trial court erred by
denying his request for a psychiatric examination for competency and by refusing to
impanel a jury to determine competency to stand trial. We review a trial court’s decision to deny a defendant a psychiatric
examination to determine competency for abuse of discretion. Bigby v. State, 892
S.W.2d 864, 885 (Tex. Crim. App. 1994); Hall v. State, 808 S.W.2d 282, 285 (Tex.
App.—Houston [1st Dist.] 1991, no pet.). At a pre-trial competency inquiry, the trial
court determines whether there is some evidence—a quantity more than none or a
scintilla—that rationally may lead to a conclusion of incompetency. Alcott v. State,
51 S.W.3d 596, 601 (Tex. Crim. App. 2001). A person is incompetent to stand trial
if the person does not have a sufficient present ability to consult with the person’s
lawyer with a reasonable degree of rational understanding or a rational as well as
factual understanding of the proceedings against the person. Act of May 18, 1977,
65th Leg., R.S., ch. 596, S1, 1977 Tex. Gen. Laws 1458 (amended 2003) (current
version at Tex. Code Crim. Proc. Ann. art. 46B.003(a) (Vernon Supp. 2004-2005)). 
Only after the competency inquiry has been held and the court has determined that
there is some evidence to support a finding of incompetency is it necessary to hold
a competency hearing before a jury. Alcott, 51 S.W.3d at 601. Appellant filed a motion for a psychiatric examination to determine
competency on the day that trial was scheduled to begin. At the hearing on that
motion, appellant’s trial counsel stated that he believed that appellant had the capacity
to reason and to think, but was “slow in obtaining ideas.” Appellant’s counsel
claimed that appellant was suffering from a delusional disorder manifested by
appellant’s inability to process the consequences of his decisions. Specifically,
counsel stated that appellant had decided on one particular day to plead his case, but
two days later, after he had had a “visit with God” and talked to his mother, appellant
changed his mind. Defense counsel also noted that appellant’s previous attorney had
asked if appellant was retarded and that appellant’s neighbors thought of him as
somewhat slow. Appellant’s trial counsel also stated, however, that appellant
understood ideas if they were explained to him, that appellant was able to answer
questions fairly well, and that appellant did not have trouble reciting facts. 
Additionally, the trial court elicited from defense counsel that, during a previous
recusal hearing, appellant’s testimony had consisted of appropriate responses to
questions on direct and cross-examination and that the reporter’s record from that
hearing did not reflect that appellant had misunderstood what had been asked. The
court concluded that there was no evidence to support the conclusion of
incompetency. 
          It is not enough for counsel to allege unspecified difficulties in communicating
with the defendant; rather, such information must be specific and illustrative of a
present inability to communicate with the defendant. Moore v. State, 999 S.W.2d
385, 394 (Tex. Crim. App. 1999). An appellant’s decision to oppose his attorney’s
recommendations, although perhaps less than tactically prudent, could as easily
support a conclusion that appellant was competent as that he was incompetent. 
Arnold v. State, 873 S.W.2d 27, 36 (Tex. Crim. App. 1993). Because appellant failed
to show that he lacked sufficient ability to consult with his attorney or to understand
the proceedings against him, the trial court did not abuse its discretion by denying
appellant’s request for a psychiatric examination. Because the trial court did not
abuse its discretion by finding no evidence of incompetence, neither did the court
abuse its discretion by refusing to impanel a jury to hear the issue. See Alcott, 51
S.W.3d at 601.  
          We overrule appellant’s first two points of error. Motion to Recuse
          In point of error three, appellant contends that the trial court erred in denying
his motion to recuse. Specifically, appellant contends that the trial court was
disqualified because it had demonstrated bias during the competency hearing, voir
dire, and trial by tending to side with the State on objections and allegedly assuming
the role of prosecutor.


However, in appellant’s motion to recuse, he contended that the trial court
should be disqualified for being a fact witness in a grievance proceeding against
appellant’s original attorney and because the court set appellant’s case for trial the
same day that another of appellant’s convictions had become final. 
          An appellant’s trial objection must comport with his objection on appeal, or
error is waived. Tex. R. App. P. 33.1(a)(1)(A); Penry v. State, 903 S.W.2d 715, 753
(Tex. Crim. App. 1995). Because the ground in appellant’s trial motion does not
comport with his assertions on appeal, any error is waived. See Tex. R. App. P.
33.1(a)(1)(A).
          We overrule point of error three.

Motion for New Trial

          In points of error five through seven, appellant contends that the trial court
erred in refusing his request to present jurors as live witnesses at the hearing on the
motion for new trial, thus denying him an adequate record on appeal, and that the
court erred in denying his motion for new trial. Appellant’s requested remedy is to
remand for a hearing on his motion for new trial with orders for the trial court to
allow appellant to subpoena the jurors. 
          It is well established that the granting or denying of a motion for new trial lies
within the discretion of the trial court. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim.
App. 1995). We do not substitute our judgment for that of the trial court, but, rather,
decide whether the trial court’s decision was arbitrary or unreasonable. Id.
          In his motion for new trial, appellant contended that the jurors were prejudiced
by (1) a bailiff’s efforts to inform them that appellant was incarcerated, by leaving
appellant’s shirt in the holdover cell area and clanking the holdover cell door during
breaks in the trial, and (2) a deputy’s remark in the presence of the jurors that
appellant was a “Bible-toting pervert.” Appellant supported his motion with
affidavits from appellant’s two holdover cellmates, who swore that they had heard a
bailiff make the “pervert” statement in front of the jurors, and with his own affidavit,
swearing that his shirt had been left in the holdover cell area, that the holdover cell
door made clanking noises when he was incarcerated during trial breaks, and that he
had told his trial attorney immediately after lunch recess the second day of trial that
some of the prisoners had heard a deputy insult appellant. After the trial, in an
attempt to corroborate the allegations of misconduct, appellant’s counsel tried to
contact jurors by phone and mailed them affidavits in the form of questionnaires. 
          Despite the trial court’s having advised the lawyers for both sides that it would
conduct the hearing on appellant’s motion for new trial by affidavits, appellant’s
counsel attempted to subpoena the jurors. Having filed the request for subpoenas at
central filing, rather than with the courtroom clerk, however, the process server did
not receive the subpoena requests timely enough to serve them. During the initial
hearing on the motion for new trial, appellant’s counsel asked the trial court for
additional time to subpoena the jurors. The trial court repeated its determination that
the hearing would be conducted by affidavits rather than live testimony. The trial
court asked if appellant’s counsel would still like 10 days to supplement the record,
and, when appellant’s counsel said that he would, the trial court reset the hearing on
appellant’s motion for new trial until 10 days later.
          At the second hearing on appellant’s motion for new trial, the trial court asked 
if appellant’s counsel had anything more to offer. Counsel requested the opportunity
to subpoena jurors to present live witnesses. When the trial court expressed surprise
that defense counsel had not done so already, appellant’s counsel said that he had not
done so because the trial court had specifically told him that it would not allow the
jurors to be called to testify. When the trial court asked if there had been any efforts
on counsel’s behalf to contact the jurors to see if they would provide affidavits,
counsel said that he had previously contacted them both in writing and orally, that
two of the 12 had responded in writing, that he had spoken with several who had
actually answered the phone, that he had most of them on voice mail, and that he left
messages more than once with some who would not respond. At the first hearing,
appellant’s counsel had said that there was a clear pattern that the jurors did not wish
to respond to his questions and that “for whatever reason they in unison almost have
refused to respond in any way.” 
          Nothing prevents counsel from contacting jurors and attempting to elicit
information from them; however, jurors have no obligation to cooperate with defense
counsel’s investigation. See Tex. R. Evid. 606(b); Jackson v. State, 992 S.W.2d 469,
475 (Tex. Crim. App. 1999). At the motion-for-new-trial hearing, appellant’s counsel
recognized that jurors have a right not to talk to him, but urged the court to allow him
to subpoena jurors as the only way he could obtain their testimony about the incidents
raised in appellant’s motion for new trial. On appeal, appellant recognizes that
subpoenas may not be used as a post-verdict discovery vehicle just because jurors are
uncooperative. Appellant claims that he has brought himself within the exception to
this rule by showing there was an outside influence on the jurors. 
          Appellant relies on Stephenson v. State, 494 S.W.2d 900 (Tex. Crim. App.
1973). In Stephenson, defense counsel had subpoenaed three jurors who had told
counsel about certain jury misconduct and who


 had said that they would not sign
affidavits, but had indicated that they would testify if subpoenaed. Id. at 908. Even
though the jurors were present and willing to testify, the trial court refused to allow
them to do so because there had been no affidavit, of a juror or other person in a
position to know the facts, attached to the motion for new trial. Id. The Court of
Criminal Appeals held that the defense attorney’s affidavit, swearing to the facts of
his conversations with the jurors, was sufficient to have allowed him to present the
testimony of the witnesses. Id. at 909. Nevertheless, the error in the trial court’s
disallowing the jurors to testify was found to be harmless in the absence of any
testimony or proffer of testimony offered by defense counsel as to what the witnesses
would have said. Id.
          Texas Rule of Appellate Procedure 21.7 allows the trial court in a criminal case
to receive evidence on a motion for new trial by affidavit or otherwise. Tex. R. App.
P. 21.7. Here, the trial court recognized appellant’s right to have a hearing on his
motion for new trial, but determined the issue could be decided by affidavits. 
Counsel for appellant claimed to be unable to obtain affidavits because the jurors
would not give them. There are two notable factors that may have caused the trial
court to decide to hold the hearing by affidavit and not to trouble the jurors in this
case by requiring their live testimony. First, the trial court may have decided to hear
the matter by affidavit because appellant admitted in his sworn motion for new trial
that he had informed his trial attorney about the bailiff’s insult just after the lunch
recess of a trial that continued for the rest of the day; nonetheless, counsel had failed
to bring the matter to the trial court’s attention at that time, even though the jurors
were still present at the court to be questioned about whether they had heard any such
remark. Second, the trial court may have been unpersuaded to change its ruling
regarding hearing the matter by affidavit based on defense counsel’s failure either:
(1) to proffer to the court what he had learned from those jurors with whom he had
communicated; or (2) to make any further efforts during the 10 days the trial court
had continued the hearing.
          Moreover, defense counsel did not attempt to bring himself within the
Stephenson case by subpoenaing the jurors for the second hearing in hopes that one
of them would be willing to testify to the matter asserted. Although the trial court
indicated that it would proceed by affidavit only, it did not prohibit counsel from
issuing subpoenas, nor did the State move to quash the subpoenas the first time that
counsel requested them. Defense counsel had initiated an attempt to subpoena the
jurors for the first hearing, despite the trial court’s having made it clear that the
hearing would be by affidavit. Because the trial court began the second hearing by
asking if defense counsel had subpoenaed the jurors, it appears that defense counsel
missed an opportunity to present jurors as witnesses if any could support appellant’s
claims. It also appears that counsel did nothing further in the 10 days that the trial
court gave him to secure further evidence supporting his motion for rehearing. If any
efforts had been made to locate the deputy who allegedly had made the insulting
remarks, counsel did not inform the trial court about those efforts. 
          It is noteworthy that appellant is not complaining about a denial of compulsory
process. It is understandable that he makes no such argument on appeal, having
failed to alert the trial court regarding such a complaint at trial. Under the totality of
these circumstances, we hold that the trial court did not abuse its discretion in
conducting the hearing on appellant’s motion for new trial by affidavit and denying
it. 
          We overrule appellant’s points of error five through seven. 

Conclusion
          We affirm the judgment of the trial court. 
          
 
     Tim Taft
     Justice
 
Panel consists of Justices Taft, Jennings, and Bland.
Justice Jennings, concurring. 

Publish. Tex. R. App. P. 47.2(b).