Connie BEAVER, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–87–099–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 28, 1987.

Mark H. Woerner, Corpus Christi, for appellant.

Grant Jones, Corpus Christi, for appellee.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

Appellant Connie Beaver pleaded guilty to theft of more than $20,000.00, a second-degree felony. She elected to have the jury assess punishment, which it did at fifteen years in the Texas Department of Corrections.

■ In her first point of error, appellant contends the court erred in preventing her counsel from questioning the venire panel regarding their sentencing philosophy. A prospective juror's philosophy concerning punishment is generally a proper area of voir dire inquiry. *Smith v. State,* 703 S.W.2d 641, 645 (Tex.Crim.App.1985); *Powell v. State,* 631 S.W.2d 169, 170 (Tex. Crim.App.1982).

The following occurred at trial:
[BY DEFENSE COUNSEL]:

\* \* \*

There is not going to be a trial on guilt or innocence. Ms. Beaver has already pled guilty and actually would be pleading guilty again in front of the jury. This is merely going to be a trial on sentencing. Is there anyone here that feels that the fact that someone pled guilty should be taken into consideration as a positive factor for that person in the sense of it being a sign of remorse and rehabilitation?

MR. PARPALA: Your Honor, I object. That calls for speculation as to how they would reach their verdict in this case.

THE COURT: Sustained.

A defendant's constitutional right to counsel includes the right of his counsel to question the members of the jury panel in order to intelligently exercise peremptory challenges. *Smith v. State,* 703 S.W.2d at 643.

■ As a general rule, the trial court should give a defendant great latitude in questioning the jury panel. *Trevino v. State,* 572 S.W.2d 336 (Tex.Crim.App.1978). However, the trial court can control the scope of voir dire to limit improper questioning. *Smith v. State,* 703 S.W.2d at 643.

■ If the defendant's question was proper, an answer denied prevents intelligent use of the peremptory challenge and harm is shown. *Powell v. State,* 631 S.W.2d 169 (Tex.Crim.App.1982). However, the defendant, to show that the trial court abused its discretion in limiting questioning, must show that the question he sought to ask was proper. *Smith,* 703 S.W.2d at 643.

■ A question is proper if it seeks to discover a juror's views on an issue applicable to the case. However, if it attempts to require the prospective jurors to commit themselves as to how they would consider certain testimony prior to trial, it is improper. *See Hughes v. State,* 562 S.W.2d 857 (Tex.Crim.App.1978); *Barry v. State,* 165 Tex.Cr.R. 204, 305 S.W.2d 580 (Tex.Crim. App.1957); *Klinedinst v. State,* 265 S.W.2d 593 (Tex.Crim.App.1953).

■ The question, as formed by appellant in this case, appears to request a commitment from the jurors that they perceive a guilty plea as a positive step to rehabilitation. Such a question is substantially different from one which inquires into a juror's thoughts on rehabilitation or one which asks the jurors whether they could consider the guilty plea in deliberating on punishment. Appellant's question, formed in a manner seeking the juror's commitment that appellant's plea would be taken as a positive factor, was improper. As such, the trial court did not err in sustaining the State's objection to the question. Appellant's first point of error is overruled.

By her second point of error, appellant challenges the trial court's refusal to admit a prior consistent statement to rebut a charge of recent fabrication. Appellant did not contest her guilt or the basic facts of the case. The only issue before the jury was punishment. Appellant testified extensively on her own behalf. She admitted her guilt and stated that the crime was not her idea, but that she became involved in it because of her love for her alleged accom-

plice. She testified that her accomplice used her and that she was very sorry for what she did. Her testimony did contradict that of the State's witnesses on relatively minor points. The State cross-examined appellant extensively and tried to establish that appellant's motive was nothing more than greed.

The prosecutor began his cross-examination of appellant by asking, "Now isn't it true, of course, that you had the benefit of listening to all of the State's witnesses before you testified?" Appellant argues that this question amounted to a charge of recent fabrication. The State denies this. However, the obvious import of the question was to impugn the credibility of appellant's testimony. *See Rodriguez v. State,* 687 S.W.2d 505, 507 (Tex.App.—Houston [1st Dist.] 1985, no pet.).

On redirect examination, appellant's attorney attempted to introduce (Defendant's Exhibit 8) a hand-written, unsigned statement. Appellant testified that she wrote it; that it was a detailed account of the facts of the case; and that she wrote it for her attorney. She said she wrote it approximately a week and a half before trial. She stated that her testimony was based on this statement and that she had not changed anything since hearing the other witnesses' testimony.

The State objected to the statement's admission as improper bolstering. The trial court refused to admit the statement. Appellant made a bill of exceptions. The written statement is strikingly similar to the testimony appellant gave at trial.

Before the Texas Rules of Criminal Evidence were promulgated, it was a well-settled rule in Texas that:

> Where *defendant or his witnesses* has been impeached or sought to be impeached by proof of contradictory statements, it is error to refuse to permit defendant to sustain his own testimony or that of his witness by proof of statements similar to those testified to on the trial which were made shortly after the transaction and before any motive or inducement existed to fabricate.

*Rains v. State,* 140 Tex.Cr.R. 548, 146 S.W.2d 176, 179 (Tex.Crim.App.1940). This rule applied to both the State and the defense. It is also applicable to the impeachment of testimony by a charge of recent fabrication. *Rodriguez,* 687 S.W.2d at 507.

■ The new Texas Rules of Criminal Evidence, which were in effect during the trial of this case, speak to this point. Tex. R.Crim.Evid. 801(e)(1)(B) provides that a statement is not hearsay if "[t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... (B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive...."

Unlike the former rule, Rule 801(e)(1)(B) contains no requirement that the prior consistent statement be made before a motive to fabricate arose. However, the Texas Court of Criminal Appeals has judicially appended this requirement onto Rule 801(e)(1)(B). *Campbell v. State,* 718 S.W.2d 712, 715–17 (Tex.Crim.App.1986). Thus, prior consistent statements are not admissible if they were made after a motive for fabrication existed.

■ It is undisputed in the instant case that appellant wrote this statement shortly before trial and in anticipation of trial. Appellant's statement was made after the motive to fabricate existed; therefore, the trial court did not err in refusing to admit the prior consistent statement. *Rodriguez,* 687 S.W.2d at 507 (statement made after defendant knew he was being accused of the crime); *see also Campbell,* 718 S.W.2d at 717 (statement made after State's witness promised money in return for information). Appellant's second point of error is overruled.

Appellant's third point of error contends that the trial court erred in admitting irrelevant and prejudicial testimony at the punishment phase of trial. The evidence complained of was elicited by the prosecution from David Owens. Owens testified that, as a result of the theft, he was dismissed from his position as branch manager of Loomis Armored, and that his career was

ruined. Owens also testified that he lost his health insurance benefits when he was dismissed, and that he was unable to obtain other health insurance to cover his wife's severe heart disease.

Generally, a trial court has considerable discretion in determining whether evidence is relevant to any issue, and that determination will not be overruled absent a clear abuse of discretion. *Williams v. State*, 535 S.W.2d 637, 639–40 (Tex.Crim. App.1976); *Baldwin v. State*, 697 S.W.2d 725, 733 (Tex.App.—Corpus Christi 1985, pet. ref'd). In addition, all of the facts and circumstances surrounding the commission of the offense are admissible on the issue of guilt and on the question of the punishment to be assessed. *Williams*, 535 S.W.2d at 639 (quoting *Dunlap v. State*, 462 S.W.2d 591, 593 (Tex.Crim.App.1971)); *Mullins v. State*, 699 S.W.2d 346, 348 (Tex. App.—Corpus Christi 1985, no pet.). This rule has specific application where an accused has pleaded guilty and the jury is to determine punishment, as in this case. The State may introduce pertinent evidence to enable the jury to intelligently exercise its lawful discretion in assessing a penalty. *Darden v. State*, 430 S.W.2d 494, 495 (Tex. Crim.App.1968); *see Hemmeline v. State*, 310 S.W.2d 97, 98 (Tex.Crim.App.1958).

While we are unable to find a case discussing the admissibility of the impact of the crime on a third party, we are unwilling to hold that the trial court clearly abused its discretion in this case. *Cf. Baldwin*, 697 S.W.2d 725 (evidence admissible on adverse effects on *victim's* life during *guilt* phase). We are cognizant of the rule that factors arising after the offense and independently of the defendant should not be admitted in determining punishment. *See Stiehl v. State*, 585 S.W.2d 716, 718 (Tex.Crim.App.1979). However, the testimony in this case did not concern factors independent of appellant's offense. Owens testified that security managers are routinely subjected to a dismissal if a theft occurs. He steadfastly maintained under cross-examination that his security procedures were not responsible for the theft and that he did not authorize the breaches of security committed by appellant. In other words, Owens maintained that he was discharged solely because of appellant's theft and not because he was at fault in any way.

Appellant's fourth point of error complains that the State's prosecutor was allowed to "inject injurious and prejudicial matter" on voir dire concerning whether excuses for stealing existed. The record reflects that, although this same question was asked of several prospective jurors and that it was based on a hypothetical justification for stealing given by the prosecutor during his opening remarks, appellant's counsel objected only once to further questions regarding excuses for stealing. The objection was made on the grounds that "it calls for speculation on how the jury is going to reach their decision."

First, we find that appellant has failed to preserve error. The point of error on appeal must be the same as the objection raised at trial, or nothing is presented for review. *Burdine v. State*, 719 S.W.2d 309, 319 (Tex.Crim.App.1986). Even if the complaint was preserved, we find no reversible error. The trial court's decisions regarding the propriety of questioning during voir dire may only be reversed where an abuse of discretion is shown. *Ussery v. State*, 651 S.W.2d 767, 772 (Tex.Crim.App.1983). Further, a question is proper if it seeks out a prospective juror's views on a material issue in the case. Here, the prosecutor's questions were relevant to appellant's contention that her punishment should be mitigated because she was moved by love for her alleged accomplice. No abuse of discretion is shown.

Appellant's fifth point of error complains that the trial court erred in instructing the jury on the operation of parole laws. The instruction given is mandated by Tex.Code Crim.Proc.Ann. art. 37.07, § 4 (Vernon Supp.1987). Appellant's argument that the statute violates the separation of powers doctrine of Tex. Const. art. II, § 1, has been considered and rejected by this Court. *See Trevino v. State*, 732 S.W.2d 710 (Tex. App.—Corpus Christi 1987, pet. filed);

*Zaragosa v. State,* 721 S.W.2d 429 (Tex. App.—Corpus Christi 1986, no pet.).

The judgment of the trial court is AFFIRMED.