**John Layne LaPORTE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. A14–89–1117–CR, A14–89–1118–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 1, 1990.

Discretionary Review Granted in No. A14–89–1117–CR Feb. 6, 1991.

Discretionary Review Refused in No. A14–89–1118–CR Feb. 6, 1991.

Allen C. Isbell, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

JUNELL, Justice.

This consolidated appeal is taken from convictions for possession with intent to deliver methamphetamine and possession of marijuana. Appellant was charged in Cause No. 493,626 with possession with intent to deliver a controlled substance, namely, methamphetamine, weighing more than two hundred (200) grams and less than four hundred (400) grams; and in Cause No. 493,627 with possession of marijuana in a useable quantity of more than two hundred (200) pounds and less than two thousand (2,000) pounds. The same jury convicted appellant in both causes and assessed punishment in Cause No. 493,626 at confinement for thirty-five (35) years and a fine of seventy thousand dollars ($70,000) and in Cause No. 493,627 at confinement for twenty-five (25) years and a fine of sixty thousand dollars ($60,000). Appellant argues there was insufficient evidence to sustain his convictions in Cause Nos. 493,626 and 493,627 and that the trial court erred in ordering the sentence in Cause No. 493,627 to run consecutively to the sentence in Cause No. 493,626. We affirm.

On January 28, 1988, officers from the Texas Department of Public Safety and the Houston Police Department conducted surveillance on a residence located at 1034 Alexander, Harris County, Texas. The residence is a two story building with a garage apartment upstairs and a two car garage downstairs. This building is located behind a house at 1036 Alexander, Harris County, Texas, which faces the street. During the surveillance, which lasted from approximately 6:00 p.m. to 11:00 p.m., officers observed an older red Porsche parked in the driveway at 1034 Alexander. At different times during the surveillance, officers observed three vehicles—a white van, an older model pick-up truck, and a small gold car—pull into the driveway and park. Each of the four vehicles parked at 1034 Alexander left at various times during the surveillance. The gold car was the last vehicle to depart. Officers stopped the Porsche and the van and made arrests. Officers stopped the gold car and found appellant, the driver, with two baggies containing a white, powder substance and fifteen hundred dollars ($1,500) in his pocket.

Officer Michael Eugene Tandy of the Texas Department of Public Safety obtained and executed a narcotics search warrant at approximately 11:15 p.m. at 1034 Alexander. Inside the garage, officers found approximately eighteen hundred and eighty two (1,882) pounds of marijuana packaged in over fifty saran wrapped bales, stacked in the back of the garage. Officers also found many empty wrappers. Upstairs, officers found a one pound bag of marijuana and some loose marijuana. They also found approximately three hundred (300) grams of methamphetamine.

Upstairs and downstairs the officers found scales and weapons.

Appellant was charged, under two separate indictments, for possession with intent to deliver methamphetamine and for possession of marijuana. Appellant was subsequently convicted by the same jury under each indictment. It is these convictions from which he appeals.

In his first points of error, appellant argues the evidence was insufficient in Cause No. 493,626 to prove he possessed with intent to deliver methamphetamine in an amount over two hundred (200) grams and less than four hundred (400) grams; and the evidence was insufficient in Cause No. 493,627 to prove he possessed marijuana in an amount over two hundred (200) pounds and less than two thousand (2,000) pounds. We will discuss these two points together.

■ In reviewing challenges to the sufficiency of the evidence to support a conviction we consider the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–319, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989) (reconfirming the *Jackson* standard of review). Further, a conviction on circumstantial evidence cannot be sustained if the circumstances proved do not exclude every other reasonable hypothesis except that of the guilt of the accused, and proof amounting to only strong suspicion or mere probability is insufficient. *Freeman v. State*, 654 S.W.2d 450 (Tex.Crim.App.1983). This is not to say that circumstantial and direct evidence do not stand on equal footing, it merely means that if there is a reasonable hypothesis other than the guilt of the accused, then it .cannot be said that the guilt has been shown beyond a reasonable doubt. *Denby v. State*, 654 S.W.2d 457 (Tex.Crim. App.1983).

■ In order to establish the unlawful possession of a controlled substance, the State must prove that the defendant exercised care, control, and management over the contraband and that the defendant knew the matter possessed was contraband. *Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Crim.App.1981). It is not necessary to prove that the defendant had exclusive possession of the contraband. *Id.* When the defendant is not in exclusive possession of the place where the contraband is found, it cannot be concluded that the defendant had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the defendant to the contraband. *Id.* In this case there are sufficient affirmative links.

■ Officers testified that they could smell a strong odor of marijuana when they approached the building at 1034 Alexander. Once inside the garage, over fifty saran wrapped bales of marijuana were discovered. Also, the officers found open sacks which contained wrappers in which marijuana had been stored, a scale for weighing pounds, and a shotgun. Inside the upstairs apartment, officers found marijuana (bagged and loose), approximately three hundred (300) grams of methamphetamine, several guns, three scales, and wrappings like those found in the garage below. Officers saw appellant arrive at 1034 Alexander and noted that he was the last to leave the residence. When he was stopped, he had a baggy in his shirt pocket which contained approximately one gram of methamphetamine. Appellant, by his own testimony, admitted that he was familiar with methamphetamine and marijuana. Besides these admissions by the appellant, other items found in the apartment show that appellant had care, custody and control of the contraband seized from 1034 Alexander.

In the desk of the apartment, officers found methamphetamine and many items bearing appellant's name which showed his residence to be 1034 Alexander:

. 1. An application for membership at Sam's Wholesale Club which had appellant's name and signature, showing the address 1034 Alexander.

2. A receipt for renewal membership fees at Sam's Wholesale Club reciting the name of appellant and showing the address to be 1034 Alexander.

3. A Jartran rental agreement for the rental of a trailer reciting the name of appellant and showing a destination address to be 1034 Alexander.

4. A receipt showing a deposit for Houston Lighting and Power service in the name of appellant and showing the address to be 1034 Alexander.

5. Envelopes from Texas Commerce Bank addressed to appellant and to J. LaPorte Enterprises at 1034 Alexander.

6. An envelope from Bay Area Disposal Service addressed to J. LaPorte Enterprises at 1034 Alexander.

7. An envelope from Southwestern Bell Telephone for service to 864–5213 (phone number for 1034 Alexander).

8. An envelope addressed to appellant and Ann M. LaPorte at 1034 Alexander which contained an enclosure for a new Mobil credit card.

9. An envelope addressed to appellant at 811 Yepez Street, Pasadena, Texas, which recites "Notify Sender of New Address, LaPorte, 1034 Alexander Street."

10. Numerous photographs depicting appellant.

11. Instructions on how to use a scale, Model 510 scale made by RCBS, Omark Industries.

Also, the Custodian of Records for Houston Lighting and Power (electric service) testified their records establish service to 1034 Alexander in the name of appellant from December of 1986 through the date of trial. The Custodian of Records for Southwestern Bell Telephone (phone service) testified their records establish phone service in the name of A. LaPorte for (713) 864–5213 and that service is current. Ann LaPorte, former wife of appellant, testified that appellant used the phone at 1034 Alex-

ander to phone her and used the phone number 864–5213.

Lastly, appellant admitted to having lived at 1034 Alexander and that he would go in and out of there all the time. Appellant also testified that he used 1034 Alexander as his business address.

These facts, viewed in the light most favorable to the verdict, are sufficient for a rational trier of fact to have concluded beyond a reasonable doubt that appellant possessed with intent to deliver a controlled substance, namely methamphetamine, and that appellant possessed marijuana. Appellant's points of error as to the sufficiency of the evidence are overruled.

Appellant brings a second point of error as to Cause No. 493,627. He argues that the trial court erred in ordering the sentence in Cause No. 493,627 to run consecutively to the sentence in Cause No. 493,626. Relying on TEX.PENAL CODE ANN. § 3.03, appellant argues that his sentences must run concurrently.

In order to preserve a complaint for appeal, a party must have presented a timely objection to the trial court stating the specific grounds for his objection and he must get a ruling from the trial court. TEX.R.APP.P. 52(a). When the State moved to cumulate sentences, appellant's counsel stated: "We do object to that." He failed to state specific grounds for his objection and he failed to get a ruling from the trial court. No error was preserved for our review. *Smith v. State*, 753 S.W.2d 456, 457 (Tex.App.—[14th Dist.] 1988, no pet.) citing *Esquivel v. State*, 595 S.W.2d 516, 522 (Tex.Crim.App.1980). However, in the interests of justice, we will review appellant's point of error.

Appellant contends that since his convictions arose out of the same criminal episode under TEX.PENAL CODE ANN. § 3.01 [1], and there was a single trial, TEX.

1. In this chapter, "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
(2) the offenses are the repeated commission of the same or similar offenses.

PENAL CODE ANN. § 3.03 [2] requires that the sentences run concurrently.

However, appellant by relying on these sections, completely ignores the limitation contained in TEX.PENAL CODE ANN. § 3.02 which states:

(a) A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode.

(b) **When a single criminal action is based on more that one charging instrument within the jurisdiction of the trial court, the state shall file written notice of the action not less than 30 days prior to the trial.**

Chapter 3 of the Texas Penal Code permits the State to join several charging instruments into a single criminal action if they arise out of the same criminal episode. However, in order to accomplish this, the State must file written notice of this action as required by TEX.PENAL CODE ANN. § 3.02(b). *Caughorn v. State*, 549 S.W.2d 196, 197 (Tex.Crim.App.1977). Thus, even though appellant was convicted under two indictments charging crimes that arose out of the same criminal episode, this did not constitute a single criminal action because the State had not filed the written notice necessary to achieve such results. *See Smith v. State*, 575 S.W.2d 41, 42 (Tex. Crim.App.1979). Since these causes did not constitute one criminal action under § 3.02, the prohibition against cumulation of sentences provided in § 3.03 does not apply. *Id.* Appellant's second point of error in Cause No. 493,627 is overruled.

The judgments of the trial court are affirmed.

**2.** TEX.PENAL CODE ANN. § 3.03 provides:
When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which he has been found guilty shall be pronounced. Such sentences shall run concurrently.