**Henry Lee ALVARADO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–90–256–CR to 13–90–258–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 29, 1991.

Rehearing Overruled Oct. 10, 1991.

Joe A. Cisneros, McAllen, Joseph W. Barbisch, Jr., Austin, for appellant.

Rene Guerra, Dist. Atty., Edinburg, Theodore C. Hake, Asst. Crim. Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

Appellant was separately indicted for the burglary of Kenneth Wilson's habitation, the capital murder of Kenneth Wilson, and the capital murder of his wife, Stella Wilson. The indictments were jointly tried. The jury found appellant guilty of burglary as charged but, on the capital murder indictments, found him guilty only of the

lesser included offenses of murder. The jury then assessed punishments of 60 years in prison for each murder and 45 years in prison for the burglary. The trial court ordered the sentences to run consecutively. We affirm.

In his first point of error, appellant contends that the trial court erred in charging the jury on both capital murder and burglary because burglary was the underlying offense alleged in the capital murder indictments. The trial court submitted a separate charge for each indictment. At trial, appellant claimed that by so charging the jury, the trial court allowed appellant to be put to trial for burglary on all three indictments in violation of the jeopardy provisions of the United States and Texas Constitutions. The State responded that any discussion of double jeopardy was premature because appellant had not been found guilty or convicted of anything at that time. As noted above, the jury found appellant guilty of burglary and two murders, so that he was not actually convicted more than once of burglary.

 On appeal, appellant does not cite any cases in support of his point of error or mention jeopardy. Instead, he now claims that the State improperly split capital murder into its two component lesser offenses, that is, murder and burglary. Appellant did not present this objection at trial, nor does he present any legal ground or authority for his position on appeal. To preserve error for appellate review, a complaining party's point of error on appeal must correspond to a timely, specific objection made at trial. *Turner v. State*, 805 S.W.2d 423, 431 (Tex.Crim.App.1991). Appellant has not preserved his appellate argument for review. Assuming, however, that appellant's point presents the jeopardy grounds which he asserted in the trial court, we find no error. Appellant was not convicted more than once of the "same offense." *See generally, Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *Ex parte Ramos*, 806 S.W.2d 845, 847–48 (Tex.Crim. App.1991). Appellant's first point of error is overruled.

In his second and third points of error, appellant contends that the trial court's jury charges on murder allowed the jury to find him guilty of the Wilsons' murders without finding that he conspired to burglarize the Wilson home. Points two and three are identical except that point two concerns the murder charge for Kenneth Wilson and point three concerns the murder charge for Stella Wilson. The complained-of charges are identical except that one applies to Stella Wilson and the other to Kenneth Wilson. The charge applicable to Kenneth read:

Now, if you find and believe from the evidence beyond a reasonable doubt that Henry Lee Alvarado, Jorge Solorzano, Urbano Gonzalez, and/or Gonzalo Gonzalez intentionally or knowingly entered into a conspiracy to commit the offense of burglary of the habitation of Kenneth E. Wilson; that pursuant thereto they did carry out or attempt to carry out such conspiracy to commit the offense of burglary of the habitation of Kenneth E. Wilson; that on or about the 9th day of December 1987, in Hidalgo County, Texas, Jorge Solorzano, a member of said conspiracy, if he was, did then and there intentionally or knowingly commit another offense, to wit, murder, by causing the death of an individual Kenneth E. Wilson, by striking the said Kenneth E. Wilson with a deadly weapon, to wit, a metal bar, that in the manner of its use and intended use was capable of causing death and serious bodily injury; that the Defendant, Henry Lee Alvarado, pursuant to said conspiracy, if any, with the intent to promote and assist Jorge Solorzano, Urbano Gonzalez, and/or Gonzalo Gonzalez in the commission of the offense of burglary of the habitation of Kenneth E. Wilson, then and there was acting with and aiding the said Jorge Solorzano, Urbano Gonzalez, and/or Gonzalo Gonzalez in the commission of the offense of burglary of habitation, if any; that the murder of Kenneth E. Wilson occurred during the attempt to carry out said conspiracy, if any; and that the murder of Kenneth E. Wilson by Jorge Solorzano, if any, was done in furtherance of

the conspiracy to burglarize the habitation of Kenneth E. Wilson, if any, and was an offense that should have been anticipated by Defendant, Henry Lee Alvarado, would occur as a result of the carrying out of the conspiracy to burglarize the habitation of the said Kenneth E. Wilson, then you will find the Defendant, Henry Lee Alvarado, guilty of murder, a lesser included offense of that alleged in the indictment.

Unless you so find and believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant, Henry Lee Alvarado of murder of Kenneth E. Wilson and say by your verdict not guilty.

■ Appellant alleges that the charge allows the jury to find him guilty if any of the named persons entered into a conspiracy to burglarize the Wilson house and if Jorge Solorzano murdered Kenneth E. Wilson in furtherance of the conspiracy. Although appellant did not raise this objection at trial, he now contends that the charge does not require the jury to find that he was a part of that conspiracy. As appellant made no objection on this ground at trial, he will obtain reversal only if the error is so egregious and created such harm that he has not had a fair and impartial trial—in short "egregious harm." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984).

If we restricted our review to the beginning phrases of the application paragraph, we would agree with appellant. The trial court did not require the jury to find that appellant conspired with anyone. In this opening phrase, the trial court required the jury to find only that two or more of the named individuals, but not necessarily appellant, conspired to commit burglary. At this point, the charge was deficient because it should have required the jury to find that appellant conspired with one or more of the named individuals.

We will not, however, limit our review to this single portion of the application paragraph. Later in the same paragraph, the jury was instructed that it had to find,

*inter alia*, that appellant acted pursuant to the conspiracy with the intent to promote the commission of burglary, that appellant acted with or aided in the commission of the burglary, and that Wilson's death should have been anticipated by appellant as a result of carrying out the conspiracy.

Under these requirements, the jury could not have convicted appellant without finding that he was a member of the conspiracy. Error, if any, in the initial portion of the charge did not create egregious harm. Appellant's second and third points are overruled.

In points of error four and five, appellant contends the evidence is insufficient to sustain the murder convictions. Appellant contends that nothing in the record supports a finding that appellant "should have anticipated" that a murder would occur as a result of the Wilson burglary. In reviewing the sufficiency of the evidence, an appellate court views the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Baugh v. State*, 776 S.W.2d 583, 585 (Tex. Crim.App.1989); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989).

■ The evidence presented at trial showed that the Wilsons were beaten to death while in bed during a burglary of their home. Jorge Solorzano, the co-conspirator who actually beat the Wilsons to death, testified that appellant was inside the Wilsons' house and directed him to beat the Wilsons with a metal bar. According to Solorzano, appellant was the individual who instigated him and several others to commit burglary. Solorzano testified that appellant chose the Wilson house, saying that they would have to beat up (or kill) the couple that lived there.

Appellant testified in his own defense. He denied involvement in the killings but admitted to participating in the burglary. Appellant testified that he reluctantly agreed with some friends to commit burglary. He claimed that the conspirators sought to find an unoccupied house to burglarize. He further claimed to have re-

mained outside the Wilson house, except for one brief entry to steal a television, and not to have known until after the burglary that the Wilson house had been occupied or that anyone had been killed.

In its charge on murder, the trial court authorized the jury to find appellant guilty under the law of parties as set forth in Tex.Penal Code Ann. § 7.02(b) (Vernon 1974). This section provides:

> If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

In arguing that the evidence is insufficient, appellant excludes the accomplice evidence, relies upon his version of the facts, and then concludes that he could not have anticipated the murders. We do not follow this approach in judging the sufficiency of the evidence. Instead, we view the evidence most favorably to the verdict. In so doing, we find the evidence sufficient.

Jorge Solorzano testified that appellant chose the house to burglarize and that appellant said beforehand that they would have to beat up the occupants. Solorzano further testified that he committed the murders at appellant's direction while appellant stood by watching. Solorzano's testimony shows that appellant could have anticipated that the murders would occur during commission of the burglary.

 Appellant further claims that nothing corroborates Solorzano's version of the facts. By statute, the testimony of an accomplice witness must be corroborated. Tex.Code Crim.Proc.Ann. art. 38.14 (Vernon 1979). The test for weighing the sufficiency of corroborative evidence is to eliminate from consideration the testimony of the accomplice witness and then examine the testimony of other witnesses to ascertain if there is evidence which tends to connect the accused with the commission of the offense. *Cockrum v. State,* 758

S.W.2d 577, 581 (Tex.Crim.App.1988); *Reed v. State,* 744 S.W.2d 112, 125 (Tex.Crim. App.1988). Physical evidence, such as appellant's shoe prints at the Wilsons' house and blood found on appellant, and appellant's own testimony show that appellant participated in the offense. The evidence is sufficient to sustain both murder convictions. Appellant's fourth and fifth points are overruled.

In point six, appellant contends that the trial court erred in admitting into evidence a written statement which accomplice witness Jorge Solorzano made on December 10, 1987, the day after his arrest, and twenty-seven months before trial. The statement, admitted during rebuttal, was offered by the State under Tex.R.Crim.Evid. 801(e)(1)(B) to rehabilitate accomplice Solorzano's testimony. On cross-examination, appellant impeached Solorzano by implying that his version of events had been affected by investigators. Appellant noted that Solorzano had been interviewed several times by police officers after his arrest and that he used certain terms in his testimony that police officers would use. Appellant then testified in his own defense. He stated that Solorzano was lying, gave his own version of events, and accused Solorzano and the prosecutor of inventing testimony to obtain a conviction. On rebuttal, the State offered Solorzano's prior written statement to show that Solorzano had told a version of events consistent with his trial testimony before meeting with anyone from the prosecutor's office, before any plea offers were made in exchange for his testimony, and before the series of interviews.

Tex.R.Crim.Evid. 801(e)(1)(B) provides that a witness' prior consistent statement is admissible when offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive. In the present case, appellant expressly charged collusion between Solorzano and the prosecutor and impliedly charged that the police questioning and plea agreement influenced Solorzano's testimony.

Rule 801(e)(1)(B) would appear to permit the use of any prior consistent statement to rebut charges of recent fabrication or improper influence or motive, but the Court of Criminal Appeals has judicially modified the rule to permit admissibility under Rule 801(e)(1)(B) only if the statement was made before the alleged improper motive or influence existed. *Haughton v. State*, 805 S.W.2d 405, 407–8 (Tex.Crim.App.1990); *Campbell v. State*, 718 S.W.2d 712, 715–17 (Tex.Crim.App.1986); *Beaver v. State*, 736 S.W.2d 212, 215 (Tex.App.—Corpus Christi 1987, no pet.).

Appellant contends that Solorzano's prior statement fails to meet this judicially-imposed condition because the statement was made after Solorzano's arrest, at a time when he knew he would be charged with capital murder. Appellant argues that after arrest Solorzano would have had a reason to protect himself and a reason to fabricate his story. *See Rodriguez v. State*, 687 S.W.2d 505, 507 (Tex.App.—Houston [1st Dist.] 1985, no pet.) (defendant knew he was being accused of crime when prior statement made, so statement not admissible).

In *Beaver*, we held that a prior consistent statement of the defendant was properly excluded by the trial court, despite the State's impeachment of her during cross-examination, because the statement had been written shortly before trial and in anticipation of trial. *Beaver*, 736 S.W.2d at 215. We held that the defendant's statement was prepared after the motive to fabricate existed. *Id.*

In the present case, we find no error in the trial court's ruling to admit the statement. In *Bilbrey v. State*, 594 S.W.2d 754, 759 (Tex.Crim.App.1980), the Court held that an accomplice's prior statement (made after his arrest but before a plea agreement) was admissible to rebut the defendant's claim that the accomplice's testimony was affected by plea agreement leniency. In *Mathes v. State*, 765 S.W.2d 853, 858–60 (Tex.App.—Beaumont 1989, pet. ref'd), the Court held that an accomplice's prior consistent statement given before the accomplice entered into plea bargain negotiations was properly admitted to rebut the defendant's claim that the accomplice's testimony was recently fabricated.

■ In the present case, appellant expressly claimed that the prosecutor influenced Solorzano's testimony to obtain a conviction. The record shows that at the time Solorzano made the original statement, Solorzano had no contact with the prosecutor or anyone from the District Attorney's office. Therefore, the prior consistent statement was made at a time before the alleged improper motive (collusion with prosecutor) arose. Accordingly, we find that Solorzano's statement, even though made after his arrest, was admissible to rebut appellant's claim of improper motive and recent fabrication. The trial court did not err in admitting the statement. *See generally Ray v. State*, 764 S.W.2d 406, 413 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). Appellant's sixth point of error is overruled.

In point seven, appellant contends that the trial court erred when it refused to permit him to cross-examine Solorzano in the jury's presence about a homosexual assault which Solorzano allegedly committed while Solorzano was in the Hidalgo County Jail. Appellant contends that he had a right to cross-examine Solorzano about this incident and to show that Solorzano was not being prosecuted for it to show that Solorzano had a motive to testify against appellant to gain favor with the State. As a second ground for admitting evidence of the alleged sexual assault, appellant contends that it was admissible to remove a false impression left by Solorzano that he would not have killed the Wilsons had he not been pressured into doing so by appellant and the others.

Although we will address each of these grounds separately, it is important to set out the nature of evidence relating to this matter. A sheriff's deputy testified that another inmate had accused appellant of sexually assaulting him. After a laboratory analyzed the rape kit and reported negative results, the investigation was placed on inactive status. The matter was not pursued and no charges were filed

## 798

against appellant. Solorzano, testifying out of the jury's presence, stated that he remembered being accused of sexually assaulting the inmate, recalled mentioning the matter to his attorney, and did not know if he was going to be charged.

■ With regard to appellant's claim that he was denied the opportunity to cross-examine Solorzano about the incident to expose Solorzano's motives in testifying for the State, we find no error. Although a defendant is entitled to cross-examine a witness on pending charges in order to establish a motive for testifying, error only occurs when limitation or prevention of such cross-examination prevents a defendant from effectively cross-examining a witness. *Carmona v. State*, 698 S.W.2d 100, 102–104 (Tex.Crim.App.1985). A defendant's right to effective cross-examination is not offended when a defendant is prohibited from asking a witness about an unrelated pending charge, provided that the defendant has otherwise been afforded a thorough and effective cross-examination, and where the bias and prejudice of the witness is patently obvious. *Carmona*, 698 S.W.2d at 104.

■ In the present case, Solorzano's motive for testifying against appellant was thoroughly explored. He testified that he plea bargained on one of the capital murder indictments to receive a life sentence and agreed to testify against appellant to avoid the death penalty. He told the jury that he was testifying to "save his skin." He knew that one capital murder indictment and a burglary indictment remained pending against him.

Appellant's motive for testifying against appellant to curry favor from the State was patently obvious and substantially explored. In addition, appellant thoroughly cross-examined Solorzano about his role in the present crime. No relationship was shown between the State's lack of action on the alleged sexual assault and Solorzano's testimony. Appellant was not denied effective cross-examination. *See Carmona*, 698 S.W.2d at 102–104.

■ Appellant also argues that the sexual assault allegations were admissible to refute Solorzano's claim that he beat the Wilsons only because he was threatened by his co-conspirators. This argument is without merit, although unadjudicated offenses may be admissible to refute a false impression left by a witness on a matter relating his credibility. *Ramirez v. State*, 802 S.W.2d 674, 676 (Tex.Crim.App.1990); *Nelson v. State*, 503 S.W.2d 543, 545 (Tex. Crim.App.1974). We do not find that appellant's alleged participation in the sexual assault rebuts his claim of not wanting to kill the Wilsons. Although murder and sexual assault each involve assaultive conduct, the offense of sexual assault lacks a homicidal component. Because sexual assault lacks this element, proof that Solorzano committed sexual assault would not have refuted his testimony of not wanting to kill the Wilsons. Appellant's seventh point of error is overruled.

In his eighth point of error, appellant contends that the trial court erred in assessing consecutive sentences for the offenses which, he contends, arose out of a single criminal episode and were tried together in a single criminal action. Generally, a trial court has discretion to cumulate sentences. Tex.Code Crim.Proc.Ann. art. 42.08 (Vernon Supp.1991). Article 42.08, however, is limited by Tex.Penal Code Ann. § 3.03 (Vernon 1974) which provides:

> When the accused is found guilty of more than one offense arising out of the *same criminal episode* prosecuted in a *single criminal action*, sentence for each offense for which he has been found guilty shall be pronounced. Such sentences shall run concurrently. (Emphasis ours).

Section 3.03 employs two phrases which control the disposition of this point of error. The first is "same criminal episode," and the second is "single criminal action." "Criminal episode" is defined by Tex.Penal Code Ann. § 3.01 (Vernon Supp.1991) as follows:

> In this chapter, "criminal episode" means the commission of two or more offenses, regardless of whether the harm is direct-

ed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses.

The offenses alleged against appellant occurred during the same "criminal episode" as defined by § 3.01. Accordingly, we turn to whether the offenses were prosecuted in a "single criminal action." This phrase is not defined by statute, but two provisions of Tex.Penal Code Ann. § 3.02 are relevant. They provide:

(a) A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode.

(b) When a single criminal action is based on more than one charging instrument within the jurisdiction of the trial court, the state shall file written notice of the action not less than 30 days prior to trial.

■■■ Shortly after enactment of the 1974 Texas Penal Code, the Court of Criminal Appeals held that prohibition of cumulation of sentences provided in § 3.03 did not apply because the State had not filed written notice under § 3.02(b). *Caughorn v. State*, 549 S.W.2d 196, 197 (Tex.Crim. App.1977). That rationale was reaffirmed in *Smith v. State*, 575 S.W.2d 41, 41–42 (Tex.Crim.App.1979) (sentences for two robberies occurring in same criminal episode could be cumulated because State had not filed notice under § 3.02). Two recent cases have reached the same result. *See LaPorte v. State*, 800 S.W.2d 270, 273–74 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd); *Sylvester v. State*, 709 S.W.2d 48, 49 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). One recent case has reached the opposite result. *See Fernandez v. State*, 814 S.W.2d 417 (Tex.App.—Houston [14th Dist.] 1991). We will follow the Court of Criminal Appeals authority and

*LaPorte* and *Sylvester*, which are both "petition refused" authority.

■■■ In the absence of a written notice of joinder under § 3.02(b), a single prosecution on multiple indictments does not constitute a single criminal action. *Wedlow v. State*, 807 S.W.2d 847 (Tex.App.—Dallas 1991). In the present case, the State did not file written notice under § 3.02(b). In the absence of such notice, the trial court had the discretion to cumulate appellant's sentences. Appellant's eighth point of error is overruled.

■■■ In point nine, appellant contends that his jeopardy rights were violated when the trial court cumulated his sentences. We disagree. The Double Jeopardy Clause, though a barrier to legislative attempts to authorize retrial after an acquittal or conviction, simply does not intrude on prerogatives in fashioning the statutory framework that will govern a court's sentencing decisions. *Ex parte Herron*, 790 S.W.2d 623, 625 (Tex.Crim.App.1990). The Double Jeopardy Clause's purpose in the punishment phase of trial is limited to assuring that the trial court does not exceed its legislative authorization by imposing multiple punishments for the same offense. *Id.* When reviewing a defendant's claim that the sentences he received in a single criminal trial violate the Double Jeopardy Clause, the question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to impose. *Id.* Because Texas law authorizes cumulative punishments, we find no constitutional violation. Appellant's ninth point of error is overruled.

In his tenth point, appellant contends that the trial court erred in "re-sentencing" appellant to cumulate his sentences. The record shows that when appellant was first sentenced, the trial court pronounced sentence on each conviction and ordered that each sentence run consecutively with the sentences in the other convictions. After the trial court pronounced these sentences, the prosecutor stated that the trial court had to order one sentence to run first, another to run second, and the other to run

third. The trial court then pronounced sentence again, clearly identifying which sentence was to be served first, second, and third.

In *Madrigal Rodriguez v. State*, 749 S.W.2d 576, 580 (Tex.App.—Corpus Christi 1988, pet. ref'd), the trial court ordered two sentences to run consecutively with each other, without stating which sentence was to run first. We agreed with appellant that the cumulation orders were insufficient, but we then reformed the sentences to show in what sequence the sentences were to run. *Id.* In the present case, the trial court's stated intent at the initial sentencing was to have appellant's three sentences run consecutively. Upon being informed that the cumulation orders were unclear, the trial court corrected the orders and then entered judgments containing the clarified cumulation orders. We find no error in the trial court's decision to correct the orders. If an appellate court may modify cumulation orders to set forth the sequence in which the sentences are to be served, certainly the trial court has the authority to correct his own pronouncement at the punishment hearing. Appellant's tenth point of error is overruled.

The judgments of the trial court are affirmed.