**Jerel Ontree JOHNSON, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 10–02–00249–CR.**

Court of Appeals of Texas,
Waco.

May 5, 2004.

Walter M. Reaves, Jr., West, for Appellant.

John W. Segrest, McLennan County Dist. Atty., Christy Barber, McLennan County Asst. Dist Atty., Waco, for State.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.*

## OPINION

FELIPE REYNA, Justice.

The State charged Jerel Ontree Johnson with capital murder. A jury convicted Johnson of the lesser-included offense of aggravated robbery and assessed punishment at fifteen years' imprisonment. Johnson contends that: (1) he received ineffective assistance of counsel; (2) the court abused its discretion by requiring the jury to continue with deliberations after the jury informed the court three times that it was deadlocked; and (3) the court denied him the right to a public trial when it excluded his aunt from the courtroom. We will affirm.

## RIGHT TO PUBLIC TRIAL

■ Johnson argues in his third issue that the court denied him his constitutional right to a public trial because it excluded his aunt during the punishment phase following her outburst in the courtroom. He relies on article I, § 10 of the Texas Constitution.

Our research has disclosed little authority interpreting this provision. Johnson primarily cites federal authorities to support his argument and does not contend that the federal right to a public trial is different from the state right. Accordingly, we will do likewise.[1]

■ The Supreme Court of the United States has developed a four-part test for determining whether the right to a public trial has been violated:

(1) the party seeking to close the hearing must advance an overriding interest which is likely to be prejudiced;

(2) the closure must be no broader than necessary to protect that interest;

(3) the court must consider reasonable alternatives; and

(4) the court must make findings adequate to support its action.

*Waller v. Ga.,* 467 U.S. 39, 48, 104 S.Ct. 2210, 2216, 81 L.Ed.2d 31 (1984); *U.S. v. Edwards,* 303 F.3d 606, 616 (5th Cir.2002), *cert. denied,* 537 U.S. 1192, 123 S.Ct. 1272, 154 L.Ed.2d 1025 (2003).

Here, Johnson was the last witness to testify during the punishment phase. Without solicitation, he remarked that he had passed two polygraph examinations. The court sustained the State's objection and instructed the jury to disregard this testimony. The court then conducted a brief hearing in chambers during which the court cautioned Johnson against making any further reference to polygraph examinations. Johnson's testimony concluded shortly thereafter.

After the parties rested, the court conducted an additional hearing outside the

---

* This case was submitted with former Chief Justice Davis on the panel, but he resigned effective August 4, 2003. Justice Reyna, who took the oath of office on January 5, 2004, participated in the decision of the Court.

1. The Sixth Amendment provides in pertinent part that "the accused shall enjoy the right to a speedy and public trial." U.S. CONST. amend. VI. Article I, § 10 of the Texas Constitution provides in pertinent part that "the accused shall have a speedy public trial by an impartial jury." TEX. CONST. art. I, § 10.

presence of the jury. The court stated that the hearing was being conducted because a bailiff had advised the court that, during the prior hearing in chambers, a member of the audience had been heard to say that Johnson in fact did pass two polygraph examinations. The court directed this person to take the stand. Under oath, she identified herself as Johnson's aunt. She testified, "I was talking to my son, and I said, but he passed two polygraph tests, and I was crying, and I was upset."

The court recounted how it had sustained the State's motion in limine that any references to polygraph examinations should not be mentioned during trial. Referring back to Johnson's unsolicited testimony about the polygraph examinations, the court expressed frustration with what it perceived to be attempts to unlawfully influence the jury. The court ultimately ordered Johnson's aunt to leave the premises.

■ "[A] trial court's inherent power includes broad discretion over the conduct of its proceedings." *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 199 (Tex.Crim. App.2003) (orig.proceeding). The court has a clear obligation to protect the jury from improper influences. *See* TEX.CODE CRIM. PROC. ANN. art. 36.22 (Vernon 1981) ("No person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court."); *accord Hughes v. State*, 24 S.W.3d 833, 842 (Tex.Crim.App.2000). Thus, the trial court was acting to preserve an overriding interest when it excluded Johnson's aunt from the premises.

The exclusion of Johnson's aunt occurred at the conclusion of the trial. The court excluded only one person, and the court explained its reasons on the record. Accordingly, we conclude that the court did not violate Johnson's right to a public trial when it excluded his aunt from the premises. Johnson's third issue is overruled.

## INEFFECTIVE ASSISTANCE OF COUNSEL

■ Johnson argues in his first issue that he received ineffective assistance of counsel because his own attorney questioned him about his experience at juvenile boot camp, thus opening the door to the State's cross-examination regarding his juvenile criminal history. However, the record is silent with regard to the reasons counsel pursued this line of questioning. Based on this record, we cannot conclude that trial counsel's performance fell below an objective standard of reasonableness. *See Rylander v. State*, 101 S.W.3d 107, 111 (Tex.Crim.App.2003). Accordingly, we overrule Johnson's first issue.

## CONTINUED DELIBERATIONS

■ Johnson argues in his second issue that the court abused its discretion by requiring the jury to continue with deliberations after receiving three notes stating that the jury was deadlocked. When the court received the third note from the jury, it summoned the jurors into the courtroom. Each juror stated his or her belief that the jury in all probability would not be able to reach a unanimous verdict if deliberations continued. Outside the presence of the jury, Johnson requested a mistrial. The State countered that the jury should be required to continue deliberating. The court overruled the motion for mistrial and directed the jury to continue deliberations. The jury returned its verdict about one hour later.

■ The decision of whether to require a jury to continue deliberating lies within the discretion of the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 36.31 (Vernon 1981); *Guidry v. State*, 9 S.W.3d 133, 155 (Tex.Crim.App.1999). To determine whether the court has abused its discretion

in this regard, we consider several factors including: the length of the trial, the amount of evidence admitted, and the nature and complexities of the case. *See Jackson v. State,* 17 S.W.3d 664, 676–77 (Tex.Crim.App.2000); *Montemayor v. State,* 55 S.W.3d 78, 87 (Tex.App.-Austin 2001, pet. ref'd); *Bledsoe v. State,* 21 S.W.3d 615, 623 (Tex.App.-Tyler 2000, no pet.).

Here, the trial was not lengthy, and the evidence was not voluminous. Nevertheless, the jury heard evidence that Johnson and the victim struggled over the firearm which fired the deadly blast and heard conflicting evidence regarding which of them owned the firearm and which of them initiated the confrontation. In addition, the jury had to decide between the greater charge of capital murder, the lesser charge of aggravated robbery, and an acquittal. Given the complexities of the issues the jury was called upon to decide, we cannot say that the court abused its discretion by requiring the jury to continue deliberating. *See Montemayor,* 55 S.W.3d at 87–88; *Bledsoe,* 21 S.W.3d at 623–24. Accordingly, we overrule Johnson's second issue.

The judgment is affirmed.