Affirmed and Memorandum Opinion filed July 23, 2009








Affirmed and Memorandum Opinion filed July 23, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00287-CR

____________

 

GREG FERM, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 344th
District Court

Chambers County, Texas

Trial Court Cause No. 14384

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant Greg Ferm of possession with
intent to deliver hydrocodone weighing four hundred grams or more.  The trial
court sentenced him to ten years= imprisonment and
assessed a fine.  In six issues, appellant challenges his conviction based on
(1) the trial court=s refusal to instruct the jury under
article 38.23 of the Code of Criminal Procedure, (2) ineffective assistance of
counsel, and (3) the trial judge=s consideration at
sentencing of matters outside the record and appellant=s punishment phase
testimony maintaining his innocence.  We affirm.








I. 
Background

On a March afternoon in 2007, Texas Department of Public
Safety Trooper Cody Mitchell stopped a mini‑van for speeding and
requested criminal history checks on Brian Keen (the driver) and appellant (a
passenger).  Trooper Mitchell gave varying accounts of the vehicle=s actual speed but
consistently stated at trial that it had exceeded the speed limit.

Keen=s discussion of the stop with Trooper
Mitchell at the scene was recorded by Trooper Mitchell=s dashboard
mounted camera and played before the jury.  Though parts of the recording of
their conversation are unclear, Keen can be heard asking how fast he was going
and claiming he was behind a truck.  Trooper Mitchell can be heard stating that
appellant was weaving through traffic and Keen can be heard saying, AI don=t agree with that.@  Keen later
admitted on the videotape and at trial that he was exceeding the posted speed
limit and testified that the dispute with Trooper Mitchell was over Keen=s assumption that
he was not speeding because Awhere [he is] from@ police give Aa five‑mile‑an‑hour
leeway.@

Trooper Mitchell testified that during the initial stop he
made several observations, the totality of which, based on his training and
experience, caused him to reasonably suspect that Keen and appellant were
engaged in illegal activity.  These observations included their sleepiness,
bloodshot eyes, droopy eyelids, nervousness, shaking hands, lack of eye
contact, heavy breathing, and change in demeanor when asked whether illegal
items were inside the vehicle.  Other observations noted by Trooper Mitchell as
contributing to his suspicion included the presence of energy drinks on the
vehicle=s floorboard, the
fact that the vehicle was a large rental, and his belief that their stories
were contradictory and partially non-sensical.  On the videotape, he noted
appellant=s extreme nervousness and Keen=s evasiveness when
asked about the vehicle=s contents.








After Keen denied Trooper Mitchell=s request to
search the vehicle, Trooper Mitchell requested a K‑9 unit.  Before the K‑9
unit arrived or the criminal history checks were completed, Keen admitted his
possession of a marijuana pipe.  The canine eventually arrived and alerted to
the vehicle.  A subsequent search uncovered approximately fourteen thousand hydrocodone
tablets packaged in bottles and placed in luggage in the back of the vehicle.  

Before trial, appellant=s attorney filed a
motion to suppress the hydrocodone but did not obtain a ruling.  At trial,
appellant testified he did not know there were drugs in the vehicle until Keen
told him about them forty‑five minutes to an hour before the stop.  The
State impeached appellant with a letter he wrote while in jail in which he
claimed ignorance of the drugs until the actual stop.

The jury convicted appellant.  During the punishment phase,
appellant again maintained his innocence on cross‑examination by the
State.  The State emphasized that testimony in closing argument.  In assessing
punishment and denying appellant=s request for
probation, the trial judge noted, among other things, that appellant had not
admitted his guilt and, as a result, was not a good candidate for probation. 
This appeal followed.

II. 
Jury Instruction on Lawfulness of Initial Traffic Stop








In his first and second issues, appellant asserts that
because the evidence raised a fact issue as to whether Keen was speeding, the
trial court erred by refusing to instruct the jury under article 38.23 of the
Texas Code of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005).  A defendant
seeking submission of a jury instruction under article 38.23 must show that
affirmatively contested evidence before the jury raised a fact issue material
to the lawfulness of the conduct in obtaining the evidence.  Madden v. State,
242 S.W.3d 504, 510 (Tex. Crim. App. 2007).  Here, although Trooper Mitchell
gave differing accounts of the vehicle=s specific speed,
all of the speeds he stated exceeded the posted limit.  See id. at 517B18 (noting the
absurdity of requiring a jury instruction as to whether the defendant was
driving six or ten miles per hour over the speed limit).  Also, Keen admitted
on the tape and at trial that he was exceeding the posted speed limit.  See
id. at 514 (stating that there must be some disputed issue of Adid not speed@ in the record to
establish a fact issue).  Furthermore, Keen=s trial testimony
makes clear that his disagreement with Trooper Mitchell was not over whether
Keen exceeded the posted speed but over his assumption that he was not speeding
because he only exceeded the posted speed to a minor degree.  Because there was
no material fact issue as to whether Keen was actually speeding, the trial
court did not err in overruling appellant=s objection and
refusing to instruct the jury under article 38.23.  We therefore overrule
appellant=s first and second issues.

III.
Ineffective Assistance of Counsel

In his third and fourth issues, appellant contends that in
both the guilt or innocence and punishment phases of his trial he received
ineffective assistance of counsel under the Sixth Amendment to the United
States Constitution.

A. 
Standard of Review

The Sixth Amendment to the United States Constitution
guarantees criminal defendants the right to reasonably effective assistance of
counsel.  U.S. Const. amend. VI; McMann
v. Richardson, 397 U.S. 759, 771 n.14 (1970).  To prove ineffective
assistance of counsel, appellant must show that (1) trial counsel=s representation
fell below an objective standard of reasonableness, based on prevailing
professional norms; and (2) but for such deficiency, there is a reasonable
probability that the result of the proceeding would have been different.  Strickland
v. Washington, 466 U.S. 668, 688B92 (1984). 
Moreover, appellant bears the burden of proving his claims by a preponderance
of the evidence.  Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App.
1998).








In reviewing counsel=s performance, we
begin with the strong presumption that counsel was competentCthat his actions
and decisions were reasonably professional and motivated by sound trial
strategy.  See Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999); Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
Any allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.  See
Thompson, 9 S.W.3d at 813.  When, as here, the record is silent as to trial
counsel=s strategy, this
court can only find ineffective assistance if the challenged conduct was so
outrageous that no competent attorney would have engaged in it.  See
Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

B. 
Ineffective Assistance at the Guilt or Innocence Phase








In his third issue, appellant challenges multiple aspects
of his trial counsel=s performance on which the record is
silent.  Thus, he cannot rebut the presumption of competence on these grounds
and we will not find counsel=s assistance ineffective as a result
unless the challenged acts were so outrageous that no competent attorney would
have engaged in them.  See id.; Thompson, 9 S.W.3d at 813; Jackson,
877 S.W.2d at 771.  Therefore, we cannot sustain this issue based on his
complaints that trial counsel:  (1) did not object to or seek redaction of
portions of the arrest tape containing extraneous offense evidence,[1]
(2) did not object to hearsay evidence regarding the K‑9 unit=s alert to the
vehicle absent evidence proving the dog=s certifications,[2]
(3) opened the door to evidence of appellant=s post‑arrest
silence during cross‑examination of a State=s witness,[3]
and (4) called appellant to testify without adequate preparation, resulting in
corroboration of the State=s evidence and impeachment on cross‑examination.[4]








Appellant also complains of his trial counsel=s failure to obtain
a ruling on his pretrial motion to suppress the hydrocodone evidence or object
to its admission based on an illegal detention, the authorities= failure to
diligently investigate, and lack of probable cause.  However, merely showing a
failure to obtain a ruling or hearing on pretrial motions does not establish
ineffective assistance of counsel.  See Wills v. State, 867 S.W.2d 852, 857 (Tex. App.CHouston [14th Dist.] 1993, pet. ref=d) (providing that on silent record,
failure to obtain a ruling on pretrial motions was not ineffective assistance);
Mares v. State, 52 S.W.3d 886, 891 (Tex. App.CSan Antonio 2001, pet. ref=d) (holding failure to obtain ruling
not deficient where record did not affirmatively demonstrate that the failure
was due to counsel=s ineffectiveness).  To establish his counsel=s ineffectiveness
for failing to obtain a ruling on a motion to suppress, appellant must show
that the motion would have been granted.  See Jackson v. State, 973
S.W.2d 954, 957 (Tex. Crim. App. 1998).  Likewise, to show ineffective
assistance for failure to object, appellant must prove that the trial judge
would have committed harmful error in overruling such an objection.  See
Vaughn v. State, 888 S.W.2d 62, 74 (Tex. App.CHouston [1st
Dist.] 1994), aff=d, 931 S.W.2d 564
(Tex. Crim. App. 1996) (per curiam).  For the reasons discussed below, we hold
that appellant has failed to satisfy either of those standards.








Regarding appellant=s claim that trial
counsel should have obtained a ruling on his pretrial motion to suppress the
contraband evidence or objected to its admission based on an illegal detention,
we note that Trooper Mitchell testified to specific articulable facts and
reasonable inferences therefrom based on his experience and training, which
when considered in their totality, supported a reasonable suspicion of criminal
activity justifying appellant=s continued detention.  See Garcia v.
State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001); Woods v. State,
956 S.W.2d 33, 35, 38 (Tex. Crim. App. 1997).  Trooper Mitchell testified that
(1) large rental vehicles like the one involved here are favored by criminals
seeking to avoid seizure of their own vehicles[5]
and are known for their numerous hiding places; (2) Keen and appellant
displayed signs of nervousness, shaking hands, lack of eye contact, and heavy
breathing;[6]
and (3) Keen and appellant displayed changes in demeanor when asked about
contraband inside the vehicle.  Trooper Mitchell also testified that he noticed
energy drinks on the vehicle=s floorboard and that appellants were
sleepy, had red bloodshot eyes, and droopy eyelids.  He then implied that,
based on his training and experience, those observations were consistent with
individuals involved in illegal activity making a quick turnaround trip.[7] 
Also, Trooper Mitchell noted that Keen and appellant=s stories seemed
inconsistent and partially nonsensical:  Keen was traveling cross country to
visit someone whose last name he did not know; Keen said they were just
visiting a friend while appellant said they were going to a wedding; and
appellant stated Awe got there a day late@ despite saying
that they were attending a wedding or bachelor party.  See Madden, 242
S.W.3d at 516B17 (inconsistent stories regarding where appellant had
been, for how long, and why was factor supporting reasonable suspicion); LeBlanc,
138 S.W.3d at 605 (implausible story can support reasonable suspicion).  Though
appellant argues that the differences were not inherently contradictory and
that there is nothing unusual about Keen not knowing appellant=s friend=s last name, the
points noted by Trooper Mitchell could reasonably be considered suspicious
under the circumstances.  Finally, on the videotape Trooper Mitchell notes Keen=s evasiveness when
asked about contraband inside the vehicle, which can also contribute to
reasonable suspicion.  See Nuttall, 87 S.W.3d at 222.  Considered in
their totality, the above factors were sufficient to support a finding of
reasonable suspicion justifying appellant=s detention. 
Accordingly, trial counsel was not ineffective for failing to obtain a ruling
on his motion to suppress the contraband evidence or object to its admission
based on an illegal detention because appellant has not shown that the motion
would have been granted or that the trial court would have committed harmful
error by overruling an objection on that basis.








Appellant also complains that his trial counsel failed to
object to the detention based upon Trooper Mitchell=s failure to
conduct a diligent investigation.  Specifically, appellant complains that
Trooper Mitchell unreasonably detained him to wait for a K‑9 unit after
Keen=s admission of
drug paraphernalia possession provided probable cause to immediately arrest
Keen and inventory the vehicle.  Temporary detention of an automobile to allow
an olfactory inspection for narcotics by a trained police dog is warranted when
based upon a reasonable suspicion.  Estrada v. State, 30 S.W.3d 599, 603
(Tex. App.CAustin 2000, pet. ref=d).  Here, Keen=s admission came
after Trooper Mitchell requested a police dog.  In a swiftly developing
situation such as this one, we will not unrealistically second‑guess
whether the police are acting diligently.  See U.S. v. Sharpe, 470 U.S.
675, 686 (1985).  Under such circumstances, Trooper Mitchell did not act
unreasonably in waiting less than twenty minutes for a K‑9 unit to arrive
instead of arresting Keen and searching the vehicle.  As a result, trial
counsel was not ineffective for failing to object on this basis because
appellant cannot show that the trial court would have committed harmful error
by overruling such an objection.

Appellant next complains of his trial counsel=s failure to
obtain a ruling on the motion to suppress or object based on a lack of probable
cause either to search the vehicle or to arrest appellant.  Because both Keen=s admission of
drug paraphernalia possession and the K‑9 unit=s alert to the
vehicle provided probable cause to search, appellant=s contention that
Trooper Mitchell lacked probable cause to search must fail.  See State v.
Gray, 158 S.W.3d 465, 470 (Tex. Crim. App. 2005); LeBlanc, 138
S.W.3d at 606.  We need not reach the merits of appellant=s second
contention concerning probable cause for his arrest as appellant has failed to
cite or apply any legal authority or principles to support his contention,
thereby committing briefing waiver and failing to demonstrate ineffective
assistance in that regard.  See Tex.
R. App. P. 38.1(i); Jackson, 973 S.W.2d at 957; Vaughn,
888 S.W.2d at 74.

Because appellant has failed to show that trial counsel
rendered ineffective assistance at the guilt or innocence phase, we overrule
his third issue.

C. 
Ineffective Assistance of Counsel at Punishment

In his fourth issue, appellant alleges he received
ineffective assistance of counsel at the punishment phase of trial. 
Specifically, appellant complains that his trial counsel failed to object to
(1) the State=s cross‑examination of him as to whether he
still maintained his innocence, (2) the State=s argument that
appellant Adoes not acknowledge his guilt,@ (3) the trial
court=s consideration of
appellant=s failure to admit his guilt in assessing punishment,
and (4) the trial judge=s consideration of matters outside the
record in denying appellant=s probation request.








Appellant=s contention that trial counsel erred in
failing to object to evidence and argument concerning appellant=s failure to admit
his guilt is premised upon his mistaken belief that this evidence was
inadmissible.  The challenged matters here went to appellant=s attitude toward
the offense of which he was convicted, which is relevant to punishment.  See
Vaughn v. State, 931 S.W.2d 564, 568 (Tex. Crim. App. 1996) (per
curiam); Boone v. State, 60 S.W.3d 231, 240 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d) (recognizing that whether appellant is
contrite is a relevant factor at punishment); Koffel v. State, 710
S.W.2d 796, 805 (Tex. App.CFort Worth 1986, pet. ref=d) (stating that
the defendant=s unrepentant attitude regarding the crime he is
convicted of is relevant at punishment).  Where, as here, a defendant decides
to testify at punishment, he assumes the risk that the State will cross‑examine
him as to whether he assumes responsibility for the offense for which he has
been convicted.  See Vaughn, 931 S.W.2d at 566; Zachery v. State,
No. 14‑07‑01050‑CR, 2009 WL 136915, at *4 (Tex. App.CHouston [14th Dist.]
Jan. 20, 2009, no pet.) (mem. op., not designated for publication).  Under such
circumstances, to testify and maintain his innocence in light of the
probability that he will seem unrepentant or even defiant was a voluntary
tactical decision by appellant and his counsel.  See Vaughn, 931 S.W.2d
at 568; Zachery, 2009 WL 136915, at *4.  The trial court=s consideration of
such testimony in assessing sentence is merely the fruition of the risk
inherent in that tactical decision.  See Vaughn, 931 S.W.2d at 568. 
Moreover, the Court of Criminal Appeals has held that where a defendant takes
the stand at punishment, maintains his innocence, and requests probation, the
prosecution does not commit reversible error by arguing in response that the
defendant=s refusal to admit guilt is a barrier to
rehabilitation.  Overstreet v. State, 470 S.W.2d 653, 655 (Tex. Crim.
App. 1971).  Because appellant has not demonstrated that the trial judge would
have erred in overruling an objection on that basis, he has therefore failed to
show that his trial counsel was deficient for not objecting under Strickland=s first prong.








We also find appellant=s fourth complaint
unpersuasive.  In announcing appellant=s sentence, the
trial judge noted that (1) he read the pre‑sentencing investigation
report; (2) hydrocodone Asells on the streets;@ (3) he
appreciated appellant not claiming that the contraband was for personal use;
(4) the conviction was for a serious crime; and (5) the minimum sentence was
ten years= imprisonment.  The trial judge then stated:

So I am . . . considering giving someone probation that has not
admitted his guilt that is only asking me for probation strictly for leniency,
not because you want to rehabilitate yourself, not because you want to atone
for your guilt in this particular case which is what the probation officers
have told me for 35 years that I have been involved, ADon=t send me probationers that don=t want to do right, that don=t want to admit their guilt, that
don=t want to do it.  It is impossible
to deal with them,@ because all they ever hear is, AI don=t want to do this because I was not
guilty in the first place.@  So that does not make this a veryCyou are not a very good candidate
for probation plus this is a huge amount of controlled substance here.








(emphasis
added).  The trial judge then imposed the minimum sentence of ten years= confinement.  To
support his argument that trial counsel was deficient for failing to object to
the trial court=s consideration of these matters,
appellant cites authorities holding that (1) consideration at sentencing of
extraneous misconduct not linked to the defendant by record evidence violates
due process;[8]
(2) factors arising after the offense and independent of the defendant are
inadmissible to mitigate punishment;[9]
and (3) the disposition of a co‑defendant=s case is
inadmissible in the trial of another co‑defendant.[10] 
However, in the instant case, the trial judge=s comments reflect
a permissible reference to his experience regarding the suitability for
probation of defendants who, like appellant, request probation yet refuse to
admit their guilt.  See Torres, 92 S.W.3d at 921B22 & n.5
(recognizing that reference to personal experience is allowable, and possibly
even necessary, in making a subjective judgment regarding punishment and that
judges must routinely look to personal experience in making subjective
judgments); see also Smith, 227 S.W.3d at 763B64 (recognizing
that due process does not require the trial court to glean all relevant
information from evidence presented in a formal courtroom proceeding in
assessing punishment).  Accordingly, the trial court would not have erred by
overruling an objection based on an analogy to the authorities cited in
appellant=s brief, and thus appellant has failed to satisfy Strickland=s first prong.  See
Vaughn, 888 S.W.2d at 74.  Moreover, even if appellant had satisfied Strickland=s first prong, he
has also failed to satisfy Strickland=s second prong given
the other factors considered by the trial judge at sentencing.

Because appellant has failed to show that his trial counsel
was ineffective at punishment, we overrule his fourth issue.[11]

Having overruled all of appellant=s issues, we
affirm the trial court=s judgment.

 

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Panel consists of
Justices Yates, Guzman, and Sullivan.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  See Greene v. State, 928 S.W.2d 119, 123
(Tex. App.CSan Antonio 1996, no pet.) (stating that the failure
to object to inadmissible extraneous offense evidence does not necessarily
constitute ineffective assistance).  Trial counsel may have been attempting to
appear open and honest with the jury and could have reasonably decided that
muting or redacting the challenged portion of the videotape would hamper that
strategy.  See Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.CHouston [1st Dist.] 1996, no pet.) (presuming reasonable
trial strategy supported failure to object in face of silent record); see
also Varughese v. State, 892 S.W.2d 186, 192 (Tex. App.CFort Worth 1994, pet. ref=d) (recognizing strategy to appear open and honest as
a valid reason for not objecting).





[2]  See Thompson, 9 S.W.3d at 814 (failing to
object to attempts to elicit hearsay held not ineffective assistance of
counsel).  Trial counsel may have known the State could prove up the dog=s qualifications and reasonably decided not to object
to avoid drawing more attention to the contraband evidence.  See Young v.
State, 10 S.W.3d 705, 713 (Tex. App.CTexarkana
1999, pet. ref=d) (finding no error in failure to object where
counsel may have reasonably decided not to do so to avoid drawing more
attention to the matter).





[3]  See Johnson v. State, 137 S.W.3d 777, 779
(Tex. App.CWaco 2004, pet. ref=d)
(holding that trial counsel=s opening the
door to introduction of inadmissible evidence did not constitute ineffective
assistance on silent record regarding trial counsel=s reasons for pursuing that line of questioning). 
When trial counsel asked the police officer if appellant gave a statement, the
officer replied that appellant was uncooperative, did not want to speak with
him, and gave him Aa story@ as
to why he had gone on the trip.  We must presume that trial counsel=s failure to object to that testimony was based on a
reasonable trial strategy, e.g., seeking to avoid drawing further attention to
the matter.  See Young, 10 S.W.3d at 713.  Even assuming trial counsel
performed deficiently in this regard, appellant has not met Strickland=s second prong, as the State impeached appellant
through prior inconsistent statements.  Strickland, 466 U.S. at 687B88.





[4]  See Rylander v. State, 101 S.W.3d 107, 110B11 (Tex. Crim. App. 2003) (silent record would not
support ineffective assistance for, inter alia, failing to prepare witness to
testify).





[5]  See Sims v. State, 98 S.W.3d 292, 296 (Tex.
App.CHouston [1st Dist.] 2003, pet. ref=d) (considering testimony that rental cars are favored
by criminals seeking to avoid vehicle seizure as contributing to reasonable
suspicion). 





[6]  See LeBlanc v. State, 138 S.W.3d 603, 608
(Tex. App.CHouston [14th Dist.] 2004, no pet.) (considering
nervousness, shaking, and lack of eye contact as factors giving rise to
reasonable suspicion of criminal activity justifying a continued detention); Nuttall
v. State, 87 S.W.3d 219, 222 (Tex. App.CAmarillo
2002, no pet.) (per curiam) (considering rapid breathing as a factor supporting
reasonable suspicion of criminal activity justifying a continued detention).





[7]  The trial court sustained appellant=s trial counsel=s
objection that this testimony was nonresponsive, but we nevertheless consider
it here for the purpose of determining whether appellant=s motion to suppress would have been granted.





[8]  See, e.g.,
Smith v. State, 227 S.W.3d 753, 764 (Tex. Crim. App. 2007).





[9]  See, e.g., Stiehl v. State, 585 S.W.2d 716, 718 (Tex. Crim. App. 1979).





[10]  See, e.g., Torres v. State, 92 S.W.3d
911, 918 (Tex. App.CHouston [14th Dist.] 2002, pet. ref'd).





[11]  In his fifth and sixth issues, appellant challenges
the trial court=s consideration of appellant=s claim of innocence and matters outside the record in
assessing punishment.  In overruling appellant=s fourth issue, we have determined that the judge could consider the
challenged matters and that his comments were appropriate.  Moreover, appellant=s trial counsel failed to preserve those issues for
our review by not objecting to the judge=s
consideration of those matters.  See Tex.
R. App. P.  33.1(a) (providing that to preserve error for appellate
review, a party must make a timely, specific objection and obtain an adverse
ruling); Harvey v. State, 173 S.W.3d 841, 850 (Tex. App.CTexarkana 2005, no pet.) (holding that appellant=s failure to object waived complaint that trial court
considered matters outside the record in assessing punishment).  Therefore, we
need not address appellant=s fifth and
sixth issues.